[File No. 7026.]

WILLIAM LANGER, Appellant, v. JOHN GRAY, as State Tax Commissioner of the State of North Dakota, Respondent.

(24 NW2d 339)

Opinion filed September 27, 1946.

*Cox, Cox & Pearce, J. K. Murray* and *Francis Murphy,* for appellant.

*Nels G. Johnson,* Attorney General, *C. E. Brace,* Assistant Attorney General and *Charles Simon,* Special Assistant Attorney General, for respondent.

MORRIS, J. On November 5, 1942, the State Tax Commissioner, after a hearing, entered an order by which he redetermined an additional tax assessment against the plaintiff and appellant herein. The Tax Commissioner assessed against the appellant the sum of $1566.77 as additional tax due the State of North Dakota on the appellant's income for 1938. The taxpayer so assessed appealed from the Tax Commissioner's order to the district court under the Administrative Agencies Practice Act, be-

ing Ch 28–32 RC ND 1943. In Langer v. Gray, 73 ND 437, 15 NW2d 732, we held that the order was appealable under the provisions of that act.

The district court tried the case and entered an order affirming the action of the Tax Commissioner and directing that the case be remanded to the State Tax Commissioner for disposition in accordance with the decision of the court. Within three months thereafter the taxpayer served and filed a notice of appeal to the Supreme Court wherein he stated:

". . . that the plaintiff and appellant, William Langer, feeling aggrieved by the order of the District Court made in the above entitled action and proceeding on the 21st day of January, 1946, by which order this proceeding and case was remanded to the State Tax Commissioner for disposition in accordance with the decision of the Court, does hereby appeal from said order and determination and the whole thereof to the Supreme Court of the State of North Dakota, and that this appeal is taken under and pursuant to the terms and provisions of § 28–3221, North Dakota Revised Code of 1943."

Section 28–3221, R.C. 1943, provides:

"Review in Supreme Court. The judgment of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as any case tried to the court without a jury may be reviewed, except that the appeal to the supreme court must be taken within three months after the service of the notice of entry of judgment in the district court."

On oral argument counsel for appellant called our attention to the fact that no judgment has been entered in the district court and that the appeal is from an order remanding the case to the Tax Commissioner without entry of judgment and suggested that this court was without jurisdiction to entertain this appeal. Thus we are confronted with a question of practice that is jurisdictional in its nature. The right of appeal is statutory and in the absence of a statutory provision therefor an appeal will not lie. Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co. 51 ND 745, 200 NW 1013; Whitney v. Ritz, 24 ND 576, 140

NW 676; Wall v. First Nat. Bank, 49 ND 703, 193 NW 51; see also Bryan v. Miller, 73 ND 487, 16 NW2d 275. When an appeal is taken under the Administrative Agencies Practice Act to the district court from a determination of an agency the statute (§ 28–3216, R.C. 1943) requires that such appeals "shall be docketed as other cases pending in the district court are docketed and shall be heard and determined by the court without a jury at such time as the court shall determine." Section 28–3219 requires the court to try and hear such appeals without a jury The same section also empowers the court to affirm the decision of the agency or modify or reverse it and further provides, "the case shall be remanded to the agency for disposition in accordance with the decision of the court."

The term "judgment" with reference to practice in the district court has a well-defined meaning under the statutes and decisions. Chapter 28–20, R.C. ND 1943, provides the procedure for entry of judgment in the district court. Section 28–2011 requires that it "shall be entered in the judgment book and shall specify clearly the relief granted or other determination of the action." In Re Lemery, 15 ND 312, 107 NW 365, this court said that, "In the district court the original judgment is the record entered in the judgment book, and a copy of this record is attached as a separate document to those containing the findings, pleadings and other papers, which together constitute the judgment roll." Similar language was also used in Groth v. Ness, 65 ND 580, 260 NW 700; and Re Weber, 4 ND 119, 59 NW 523, 28 LRA 621.

The Administrative Agencies Practice Act was first enacted as Ch 240, Sess Laws ND 1941. The legislature at that time saw fit to provide for appeals from the district court to the Supreme Court from judgments only. When it referred to a judgment of the district court it must have been the legislative intention to use that term with the same meaning and scope as the term had heretofore been used in previous legislative acts relating to district court procedure. The order described in the notice of appeal is not a judgment.

The language of the Administrative Agencies Practice Act

providing for appeals to the district court from the determinations of such agencies and for a review of the judgment of the district court by appeal to the Supreme Court, when considered in the light of the general civil procedure provided by statute for entry of judgment in cases tried in the district court, leads to the conclusion that, upon the trial of such appeal, the district court should reduce its determination to judgment which should be entered in the office of the clerk of said court. Until such judgment is entered no right of appeal to the Supreme Court exists. In this case no judgment has been entered. The appeal is from an order. We are, therefore, without jurisdiction to hear and determine it. This appeal is dismissed and the case remanded to the district court.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ. concur.