[File No. 7045]

WILLIAM LANGER, Appellant, v. STATE OF NORTH DA-KOTA, and John Gray as State Tax Commissioner, Respondents.

(28 NW2d 523)

436

Opinion filed May 24, 1947.   Rehearing denied August 14, 1947

*Cox, Cox & Pearce* and *Mr. J. K. Murray,* and *Francis Murphy,* for appellant.

*Nels G. Johnson,* Attorney General, and *C. E. Brace,* Assistant Attorney General, and *Charles Simon,* Special Assistant Attorney General, for respondents.

BURR, J. This is an appeal from a judgment of the district court involving the action of the tax commissioner in redetermining the income tax of appellant and making an additional tax assessment. Features of the case were before us in Langer v. Gray, 73 ND 437, 15 NW2d 732 and Langer v. Gray, in 74 ND 709, 24 NW2d 339. The case at bar involves the assessment involved in § 2 of the syllabus in the first case cited.

There are thirty-nine specifications of error; but a review of the record shows only two main questions need be determined, —one of procedure in general and one of determination of facts.

The specifications dealing with the questions of procedure are summed up and included in specification #2 which states: "The District Court erred in assuming jurisdiction to hear testimony and evidence de novo in the trial of this action, whereas the jurisdiction of the District Court was appellate only."

Appellant cites § 28–3219 of the Rev Code which provides in part: "The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court." Section 28–3218 provides:

"If an application for leave to adduce additional evidence is made to the court in which an appeal from a determination of an administrative agency is pending, and it is shown to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing or proceeding had before the administrative agency, or that such evidence is material to the issues involved and was rejected or excluded by the agency, the court may order that such additional evidence be taken, heard, and considered by such agency on such terms and conditions as the court may deem proper. After considering such additional evidence, the administrative agency may amend or modify its findings of fact, conclusions of law, and decision, and shall file with the court a transcript of such additional evidence together with its new or modified findings of fact, conclusions of law, and decision, if any." These quotations are from what

is known as the "Administrative Agencies, Uniform Practice Act."

At the hearing respondent claimed there was additional evidence material to the case, that should be presented to the district court, and without returning the matter to the tax commissioner for the purpose of taking and including this additional evidence it was taken by the court itself.

Appellant urges it was error for the court to receive such testimony "in the same manner and with purported legal effect as though such testimony and evidence were being heard before the State Tax Commissioner as an administrative agency."

An examination of the record shows the following state of facts with reference to this issue. On the trial of the case a question arose as to whether all of the necessary evidence was before the district court and counsel for respondent pointed out some alleged omissions and errors such as—"mistake in the record in the 1938 return;" "depreciation has been taken and the law does not authorize it;" "other income which the taxpayer reported to the Federal Government and is not reported in the report to the State. That also should be brought out." He stated, "We are going to submit to the court the request and application by the Tax Commissioner that the matter be remanded to the Tax Commissioner for the purpose of taking additional testimony as the statute provides." To this the court said:

"Let the Court make one observation and maybe we can arrange to extricate you from your difficulty. I wonder if counsel would agree that, in lieu of any further record being made before the Tax Commissioner, that it be stipulated and agreed that the hearing be had here before the Court, under the stipulation of parties and we proceed to take the evidence, such as both sides have to submit, and make it a part of the record for whatever purposes it may serve."

Counsel for respondent said: "If that is agreeable to counsel, that is agreeable to us." And the counsel said: "I would like to have an opportunity to discuss this among counsel and my client. It is rather novel but for the purpose we might

agree. I don't want to say until we have had an opportunity to discuss it." Thereafter counsel for respondent stated:

"In view of the fact that there is nothing in the record that we would say, unless counsel stipulate we may proceed as a Court of Equity and take testimony, then we submit that the matter should be resubmitted to the Tax Commissioner for the purpose of taking additional evidence and for the purpose of showing additional income during those years."

Shortly afterwards counsel for appellant stated,

"Our position here is asking the Court in an appellate capacity to pass on the record, on which the Tax Commissioner was content to make an assessment. That we think is the sole purpose of the Court. We have no objection to a hearing but doubt our rights to stipulate the same. Could Counsel convert this Court from an appellate Court into a trial Court?"

The court remarked:

"It can convert a hearing to one that is in agreement with the statute. The Court is inclined to hear all counsel has to submit. The only thing here is whether or not we go ahead, if we are ready to proceed, or whether we send it back to the Tax Commissioner and let him make the record—

Counsel for appellant then stated, "Without waiving objection to the correctness or admissibility of any evidence, I have no objection to having that testimony taken right now." After some remarks the court stated:

"To get the record straightened out, Defendant today filed, that is the Attorney General and Tax Department has filed, a request in writing, the effect of which is to take further record and testimony and to have the matter re-referred back to the Tax Commissioner in order to make a record there, recertify same to the Court under and as provided by Section 28–3218, Revised Code of 1943, to complete the record of the Tax Commissioner. The Court suggested that probably in lieu of delay, the Defendant would consent to have the advantage of any benefit same would bring forward, in the event an agreement is entered into by the Plaintiff and Appellant, Mr. Langer, that

we take that testimony in the Court now, before this Court here."

Thereupon counsel for appellant said:

"For the record, appellant will state, as we have stated in the informal discussion, we believe that this case should be determined upon the record as it is now filed in this Court. However Tax Commissioner and counsel have made application for additional evidence, and at the suggestion of the Court to expedite matters, the appellant offers no objection to submitting himself for examination and offering of evidence and testimony at the present time, to be considered in the same matter as if it had been referred to the Tax Commissioner and added to the record."

Counsel for respondent said, "We are ready to proceed with the trial and have the evidence adduced before the Court and the same to be considered as if it had been referred to the Tax Commissioner for his consideration, and for the taking of further testimony with reference to income tax returns now at issue." To which the counsel for appellant replied: "We wish it understood that we are not waiving any right to object to any testimony that may be offered." Thereupon the court and the parties proceeded to take additional testimony.

Jurisdiction over the parties was conferred upon the district court by the taxpayer's appeal. We have set forth rather voluminously the proceedings in the district court leading up to the taking of this testimony by the court. Respondent does not deny appellant could have insisted upon the court passing upon the application and determining whether the record should be remanded; and that the court was not required to follow any agreement in this matter the parties might make.

Under the constitution § 103, "The district courts shall have original jurisdiction, except as otherwise provided in this constitution, of all causes both at law and equity, and such appellate jurisdiction as may be conferred by law."

In Rasmusson v. Schmalenberger, 60 ND 527, 235 NW 496, we state:

"The district court is a court of general jurisdiction of causes

at law and in equity, and has power to determine all controversies or questions of difference that can be made the subject of a civil action. Jurisdiction is the power to inquire into the facts and apply the law and adjudge concerning the question involved. Jurisdiction does not relate to the rights of the parties, but to the power of the court to hear and determine the questions of difference between them."

In dealing with the general constitutional jurisdiction of the district court, we point out in Bryan v. Miller, 73 ND 487, 502, 16 NW2d 275, 284, that, "Parties, however, may appear voluntarily and submit their controversy to the court, provided the subject-matter thereof is one within the court's jurisdiction."

We said in Trott v. State, 41 ND 614, 171 NW 827, 4 ALR 1372: "where the parties to a controversy the subject-matter of which is properly within the jurisdiction of such court voluntarily adopt a certain mode of procedure in submitting the controversy for determination, they will not thereafter be heard to say that the procedure adopted was irregular and improper."

This court has said, "The district court, being a court of general jurisdiction, has power to determine all controversies or questions of difference which can possibly be made the subject of civil action." Lobe v. Bartaschawich, 37 ND 572, 576, 164 NW 276, 277. Here a judgment of the county court with increased jurisdiction was entered and a transcript of the judgment was filed in the district court. Thereafter a motion to vacate the judgment was made in the county court; but the parties agreed thereafter that the matter should be heard in the district court. We held that the district court "being a court of general jurisdiction, a party who has stipulated for the hearing of the motion in such court is precluded from questioning the jurisdiction to enter the appropriate order deciding the motion."

In Brissman v. Thistlethwaite, 49 ND 417, 427, 192 NW 85, 89, we state: "This court has repeatedly held that when a case, which involves a question within the general jurisdiction of the district court, is presented to the district court, with either the express or tacit consent of the parties that the question so

presented be determined, the question of the propriety of the remedy becomes immaterial and cannot be subsequently raised."

In substance the appellant stated if the provision for remand be not mandatory, and if in spite of such provision the court has the power to take and consider testimony, and if we have the right to agree to this, then we are willing this be done. Without suggesting that the legislature could have so legislated that no appeal from an administrative body could be taken to the courts, and recognizing that the provisions in the Uniform Practice Act dealing with an administrative agency prescribe the method of securing testimony and presenting it to the district court upon appeals from the decisions of such agency, so that an administrative matter may be determined by the tribunal designated by the legislature, subject to the right of appeal, nevertheless it is clear that when an appeal is taken in the manner required by this uniform practice act complete jurisdiction is conferred upon the district court to hear and determine the issues involved, as prescribed. Because of the appeal the district court had jurisdiction of the subject matter and the parties.

There is nothing in the Uniform Practice Act to prevent the parties from presenting to the district court a stipulation of facts; nothing to prevent them from agreeing to eliminate from consideration a portion of the evidence and of the record presented; and there is nothing to prevent them stipulating that instead of remanding the case to the agency for the taking of testimony the testimony could be taken then and there before the court itself. In this matter before us the parties did so agree. The commissioner agreed and the taxpayer agreed. The parties waived the provision of § 28–3218 Rev Code 1943 which would have required the court to remand the matter to the tax commissioner for the taking of the additional testimony required.

The parties to an appeal from the determination of an administrative agency may waive such provision in view of the constitutional powers given to the district court. The provision of the constitution quoted, viz.: "and such appellate ju-

risdiction as may be conferred by law" does not circumscribe the constitutional powers of the district court in hearing "all causes both at law and equity," when the parties so desire and the court is ready to hear the matter. Procedural matters set forth in Chaps 28–32 dealing with "administrative agency, uniform practice act" do not hamper the district court in hearing and taking testimony when the parties agree the same may be done. The jurisdiction of the district court is all embracing. It takes in all causes. The conduct of the case on the appeal was under the supervision of the district court. The sections of the Revised Code cited in this case are rules of procedure laid down for orderly administration of matters, the primary determination whereof is conferred upon administrative agencies. The agency involved here and the appellant taxpayer waived these provisions which are for the benefit of the one or the other, or both. They are provisions to assist the district court in a better determination, the purpose being to have all of the pertinent evidence before the court. The law is so framed that what is lacking may be supplied. A party may object to remand but the court may overrule. This additional testimony cannot be taken by the court over the objection of either party; and the purpose is to get the material testimony before the court. In the case at bar the appellant is the one who naturally would be the objecting party, when the commissioner is the one seeking remand. When he agrees that the testimony may be presented as was done here he is not in position to say the district court was without jurisdiction to consider the testimony. The objection levelled to the consideration of the additional testimony taken by the district court is not well taken.

There are numerous specifications of error with reference to rulings made by the court in the reception of testimony and in overruling objections to questions. None of these is of any moment in dealing with the broad issue of the determination of the facts adduced.

In his statement of facts appellant shows that the tax commissioner, when redetermining "the additional tax assessment

originally made on April 16, 1942,—eliminated all questionable items except a mathematical error of $1100 in the computation for the deduction of improvements on real estate and except for the $14,000 item of income assessed by the Tax Commissioner as capital gain on the sale of Land Finance Company stock." Appellant sets forth that:

"In the year 1938, the appellant and taxpayer, William Langer, received from one Thomas V. Sullivan the sum of $14,000. which was a portion of the $25,000. received for the purchase price of shares of stock in the Land Finance Company, a corporation owning large tracts of land in Mexico. See Exhibit A. The Tax Commissioner adds this $14,000. to the 1938 income on the ground that the stock sold was valueless as of January 1, 1919, and, therefore, the total purchase price received is a capital gain and reportable as income."

As to the issue appellant states:

"As we view this case, the principal issue aside from the jurisdiction issues which we have already discussed, is the question as to the value of the stock of the Land Finance Company which was sold by William Langer to Thomas V. Sullivan. The sale price was $25,000 and $14,000 of this sale price was received by William Langer in the year 1938. It is the theory of the Tax Commissioner that this stock was of no value on January 1, 1919, which is the base date to be considered in the valuation. If it was of no value, then the sum of $14,000 received in 1938 was a capital gain. If the stock had a value equal to $25,000, then the monies received for its sale was not a gain and not taxable as income."

The evidence shows that for some years prior to 1919 certain parties had organized a corporation and received concessions from the Mexican government with reference to vast tracts of real estate in that republic. Stock was issued and appellant purchased some of it. Internal difficulties arose in the republic of Mexico and from time to time the government in power sequestered or confiscated portions of this land grant without remuneration, and held the remainder as subject to confiscation at will. There is no question but what the land involved in the

grant is valuable land and the stock of the company at one time had value. The Land Finance Company also had livestock upon this grant, but all of this livestock was confiscated by the Mexican government. The record shows that, from and after January 1, 1919, at least, this stock of the Land Finance Company had no value. It is true that all of the real estate had not been expropriated by the Mexican government at that time, and the corporation maintained and still maintains it has a claim against the Mexican government for the value of the property that had been seized and to have the ban on the remainder lifted. The fact however remains that the stock in that company ceased to have any market value. The president of the company testified that no stock of the company had been sold during the past twenty-five or thirty years or after the Mexican government had begun expropriating the property. This testimony is not disputed. There exists a possibility that the Mexican government may reconsider its actions in the last few decades and recognize the claimed rights of the Land Finance Company, and it is also a possibility that the Mexican government will not seize the remainder of the real estate and will permit the company to make use of it. From this standpoint it may be said that the corporation has some vague possibilities and therefore the stock some shadowy value. But such remote contingency creates no value.

The appellant testified that he had no proof or estimate of the fair market value of the stock on January 1, 1919, and that he knew nothing about the value of the Mexican land or stock in that year.

There was also testimony showing some transactions on the part of the taxpayer with reference to this specific stock which would indicate that the stock sold to Mr. Sullivan had been surrendered to the president of the corporation as early as 1922. The evidence introduced in support of this theory shows some disposition or attempted disposition of the stock at that time, but if the stock had no appreciable value then the acts of the taxpayer may well be claimed to be based upon indifference as to the fate of the stock owing to its apparent worthlessness.

Chap 224 of the SL 1919, providing for an income tax, lays down the basis for determining the amount of taxable gains derived; and in sec. 2, subd. (c) provides: "for the purpose of ascertaining the gain derived from a sale, or other disposition on any property, real, personal or mixed, acquired before January 1, 1919, the fair market price or value of such property as of January 1, 1919, shall be the basis for determining the amount of such gains derived."

This provision has been carried forward in subsequent legislation, and in § 57–3822, subd 6, it is provided: "In case of property acquired prior to January 1, 1919, the fair market value on that date shall be taken in lieu of cost up to that date; . . . ."

The stock was acquired before January 1, 1919, and the stock had no value on that date. When the stock was sold to Mr. Sullivan the amount received therefor was clear gain and subject to the provisions of the income tax law. This disposes of the real issue with reference to the stock transaction. The judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ., concur.

BURR, J. On petition for rehearing. Appellant has filed a very careful and thoughtful petition for rehearing; the basis for which is the court's construction of the scope of Ch 28–32 of the Revised Code known as the "Administrative Agencies, Uniform Practice Act." It is stated that the court has inadvertently overlooked the contention that under a proper construction the district court, even though it be a court of general jurisdiction under the constitution of the State, cannot take and consider testimony additional to that taken by the board or agencies, even though the parties so stipulate.

We did not overlook this proposition. It is admitted that the general jurisdiction of the district court is set forth in § 103 of the constitution of the State and thereunder it has original jurisdiction "of all causes both at law and equity, and such ap-

pellate jurisdiction as may be conferred by law." "It does not have exclusive original jurisdiction in probate and testamentary matters, etc." This is vested in the county court. (See § 111 of the Constitution.) Appellate jurisdiction in such case is "conferred by law," for example.

The subject matter involved in this case is one within the constitutional jurisdiction of the district court. The legislature does not seek to diminish it. It seeks a speedier and an expert determination of a controversy and provides for a review thereof. The question of whether the testimony offered before the tax commissioner may be enlarged in scope is a procedural matter—not a constitutional one. The constitutional jurisdiction over the matter involved cannot be diminished. A method for presenting it may be devised, and such method is one which the legislature may outline.

That the parties may waive procedural matters, in so far as the district court is concerned, is unquestioned. Because the statute requires the service of a summons upon a defendant in order to bring him into court in a matter within the court's jurisdiction, does not prevent the defendant from waiving the issuance or service of the summons. The same with waiving a jury. Stipulating that the court may try an issue on affidavits instead of having witnesses produced, and other matters too numerous to mention, are all matters of procedure.

Instead of sending the matter back to the administrative agency for the taking of testimony the parties may waive that procedure, and in the interest of speediness or for other good reasons may have the testimony taken in the district court as was done in this case. The parties, if they so desire, may forego the opinion or view of the agency if the Court be willing.

The matter presented on this petition was not overlooked by the court. The petition for rehearing is denied.

CHRISTIANSON, Ch. J., NUESSLE and BURKE, JJ., concur.

MORRIS, J., not participating.