In the Matter of the Application of Indianhead Truck Line, Inc., St. Paul, Minnesota, for an extension of Special Certificate No. 638 to include the transportation of cement, from Fargo and Grand Forks, North Dakota, and points within 15 miles of each, to all points in the State of North Dakota.

**INDIANHEAD TRUCK LINE, INC.,**
a corporation, Appellant,

v.

Richard J. THOMPSON, Bruce Hagen and Ben J. Wolf, as members of the Public Service Commission of the State of North Dakota, and Transport, Inc., a corporation, Dan Dugan, d. b. a. Dugan Oil and Transport Company and C. A. Muck d. b. a. Muck Transfer, Respondents.

No. 8283.

Supreme Court of North Dakota.

April 27, 1966.

Rehearing Denied May 16, 1966.

Whittlesey, Pancratz & Wold, Fargo, for appellant.

John C. Stewart, Special Asst. Atty. Gen., Bismarck, for Public Service Commission, respondent.

Wheeler & Daner, Bismarck, for Dan Dugan, respondent.

TEIGEN, Chief Justice.

Indianhead Truck Line has appealed to this Court from an order of the district court dismissing its appeal from a decision of the Public Service Commission.

The Public Service Commission heard applications by Indianhead and other carriers requesting authority to transport cement in bulk between certain points in North Dakota. Indianhead's application was denied and the Commission mailed notice of its decision by certified mail to Indianhead on May 13, 1964. Indianhead decided to appeal the decision to the district court. Notice of appeal, specifications of error and undertaking on appeal were served and filed with the Clerk of the District Court on June 11, 1964. However, proofs of service were not filed until June 15 and 18, 1964, more than thirty days after notice of the decision was given by the Commission.

On June 23, 1964, the Commission moved the district court for a dismissal of the appeal on the ground that Indianhead had failed to file the proofs of service within thirty days after the notice of the decision was given in accordance with the requirements of Section 28-32-15, N.D.C.C. The motion was granted.

Section 49-05-12, N.D.C.C., provides generally that appeals from decisions or final orders of the Public Service Commission may be taken to the district court in the manner provided by Chapter 28-32, N.D. C.C., which is the Administrative Agencies Practice Act. Section 49-18-43, N.D.C.C., provides the same remedy in matters before the Public Service Commission involving motor carriers.

Section 28-32-15 in part provides:

Any party to any proceeding heard by an administrative agency * * * may appeal from such decision within thirty days after notice thereof has been given. * * * Such appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and upon all parties to the proceeding before such administrative agency, and by filing the notice of appeal and specifications of error together with proof of service thereof, and the undertaking herein required, with the clerk of the district court to which such appeal is taken. * * *

Section 28-32-13, N.D.C.C., provides that notice of the agency's decision may be given by registered or certified mail and shall be deemed given as of the date of registry or certification. The record establishes that more than thirty days elapsed between the giving of the notice of the decision of the Commission and the filing of the proofs of service of the notice of appeal and specifications of error by the appellant.

■ The only question before us is, was the failure to file proofs of service within the thirty-day period fatal to the appeal?

■ We find the question must be answered in the affirmative. The law is well settled in this state that the right and regulation of appeals are strictly statutory. Helland v. Jones, 76 N.D. 511, 37 N.W.2d 513; In re Heart River Irr. Dist., 77 N.D. 827, 47 N.W.2d 126.

Section 103 of the North Dakota Constitution provides that the district court shall have such appellate jurisdiction as may be conferred by law. See also Langer v. State et al., 75 N.D. 435, 28 N.W.2d 523. Section 28–32–15, supra, specifically provides how an appeal to the district court from a decision of the Commission shall be taken. One of the procedural steps required is the filing of proof of service within thirty days after notice of the decision has been given.

In appeals from a decision of the county court to the district court a similar requirement is provided by Section 30–26–03, N.D.C.C. It provides in part:

> To effect an appeal, the appellant must cause a notice of appeal to be served on each of the other parties and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order or decree.  *  *  *

We recently held in In re Bjerke's Estate, N.D., 137 N.W.2d 225, that a failure to file proof of service of the notice of appeal from an order of the county court within thirty days from and after the date of the order was fatal to the appeal, and affirmed the district court's order dismissing it.

Our ruling in Bjerke is in accordance with the general rule.

> Where required by the statute, it [proof of service of the notice of appeal] must accompany and be filed with the notice and within the time prescribed;  *  *  *.
> 4A C.J.S. Appeal and Error § 594(7)

The similarities between *Bjerke* and the instant case are apparent. Both involve specialized appeals to a district court, and in both the statutory requirements necessary to take the appeal are set forth explicitly.

For the reasons aforesaid we affirm the order of the district court dismissing the appeal.

STRUTZ, ERICKSTAD, and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.