**In the Matter of the Application for an Organization Certificate for Center State Bank, Inc.**

**CENTER STATE BANK, INC.,**
Appellant,

v.

**The STATE BANKING BOARD of the State of North Dakota, the Attorney General of the State of North Dakota, and Security State Bank of New Salem, North Dakota, Appellees.**

Civ. No. 9501.

Supreme Court of North Dakota.

Feb. 23, 1979.

As Corrected March 15, 1979.

Rehearing Denied March 22, 1979.

Richard P. Gallagher, Mandan, for Center State Bank, Inc., appellant.

Illona Jeffcoat-Sacco, Special Asst. Atty. Gen., Bismarck, for State Banking Board, appellee.

Lamb, Schaefer & McNair, Fargo, for Security State Bank of New Salem, appellee; argued by Alice K. Olson, Fargo.

Orville A. Schulz, New Salem, for Security State Bank of New Salem, appellee.

PEDERSON, Justice.

This is an appeal by the Center State Bank, Inc., from an order by the Burleigh County District Court affirming an administrative determination made by the State Banking Board denying a third extension of time to meet conditions imposed by that Board.

On February 28, 1975, the Board conditionally approved an application from Emil E. Kautzmann and others to establish a bank at Center, North Dakota, using the corporate name Center State Bank, Inc. The decision of the Board provided that the organization certificate could be presented to the Secretary of State with an application for a certificate of authority (§ 6–02–05, NDCC), subject to the following:

(1) The Bank shall have capital stock of not less than $300,000, surplus of not less than $150,000, and undivided profits of not less than $150,000—all in addition to funds expended in the acquisition of fixtures.

(2) The proposed banking house, fixtures, furniture and lease be approved by the Board.

(3) The management, including officers and personnel and managerial duties and responsibilities, be approved by the Board.

(4) FDIC insurance be obtained.

(5) All these conditions be accomplished within one year.

There was no appeal from this determination. On February 13, 1976, the Bank applied to the Board for an extension of time until August 28, 1976, to accomplish the conditions. After a hearing on the application, the extension was granted.

An application for a second extension was made on August 20, 1976, and, on August 26, 1976, a conditional extension was granted to February 27, 1977, provided that:

(1) Within 30 days there be a certification that 100% of the capital requirements are paid in and held in escrow;

(2) A list of stockholders and amount subscribed and paid in be provided within 30 days; and

(3) By February 27, 1977, management, banking house, and FDIC insurance be obtained. According to the terms of the Board's order this extension would automatically terminate if conditions 1 and 2 were not fulfilled in the allowed 30 days.

The Board's decision of August 26, 1976, was appealed by the Security State Bank of New Salem. This decision was apparently affirmed by the Burleigh County District Court on January 28, 1977. The record of this proceeding is not before us. The decision was not further appealed to this court.

An application for a third extension was made by the Bank on February 25, 1977, and denied by the Board on November 3, 1977. The Bank appealed this denial to the Burleigh County District Court, where the decision denying the extension was affirmed by an order dated April 21, 1978. That is the order which we are asked to review on this appeal.

Whether the original conditional order of the Board or the first and second extension orders are still reviewable has not been briefed or argued. The parties did not discuss whether the previous determinations were merely procedural under § 28–32–15, NDCC, nor did they discuss whether the banking laws provide for a collateral method of review apart from the Administrative Agencies Practice Act. Ordinarily, questions not raised, briefed or argued will re-

ceive no consideration from appellate courts. See *Smith v. American Guild of Variety Artists*, 368 F.2d 511, 514 (8th Cir. 1966). It has been said that when an appellate court proceeds on a theory which was not advanced by the parties there is no fair opportunity for the litigants to meet the issues, and there is an increased chance that the appellate court will commit error. We accordingly express no opinion on these issues at this time.

■ There is one significant exception to these ordinary guidelines.

"Courts are required to take notice of jurisdictional questions relating to subject matter whether raised by any of the parties or not. [Cites omitted.] The general rule is that proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter. [Cites omitted.]" *In re Estate of Brudevig*, 175 N.W.2d 574, 577 (N.D.1970).

Accordingly, if we do not have jurisdiction in this appeal, any decision we would render would be legally void.

"Appellate jurisdiction is derived from constitutional or statutory provisions and can be exercised only in the manner prescribed. [Cites omitted.] An appeal divests the trial court of jurisdiction over matters necessarily involved in the review proceeding and confers such jurisdiction upon the appellate court. [Cites omitted.] Appellate jurisdiction being dependent on the law it cannot be conferred by consent of the parties." *Bryan v. Miller*, 73 N.D. 487, 16 N.W.2d 275, 281 (1944).

In *Application of Bank of Rhame*, 231 N.W.2d 801, 806 (N.D.1975), we said:

"The express statutory provisions providing for review, as set forth in Section 6–01–05, N.D.C.C., satisfies the requirement of subsection 1 of Section 28–32–01 relating to the decision being subject to review in the courts of this State."

See also *Citizens State Bank of Neche v. Bank of Hamilton*, 238 N.W.2d 655, 658 (N.D.1976), and *Krueger v. American Christian Mutual Life Ins. Co.*, 77 N.D. 436, 43 N.W.2d 676 (1950).

■ Although we have said that § 6–01–05, NDCC, provides for the required authorization for review required by § 28–32–01, NDCC, it predates the Administrative Agencies Practice Act and also authorizes other "actions" in the district court. In this case we are not involved in such other action, but in an appeal under Chapter 28–32, NDCC. We accordingly must rely upon § 28–32–21, NDCC, which only authorizes appeals from judgments.

In *Langer v. Gray*, 74 N.D. 709, 24 N.W.2d 339, 340 (1946), this court held that where there is an appeal from a district court order entered after a review of an administrative determination, a jurisdictional question arises. Referring to Chapter 28–32, NDCC, the court held:

"The legislature at that time saw fit to provide for appeals from the district court to the Supreme Court from judgments only. . . . The order described in the notice of appeal is not a judgment.

". . . Until such judgment is entered no right of appeal to the Supreme Court exists." *Langer v. Gray*, 24 N.W.2d at 340, 341, *supra*.

■ It is our view that the order denying the application for the third extension of the time in which to comply with the banking board's most recent order is not appealable under § 28–32–21, NDCC. In the interest of justice and judicial economy, we remand to the district court pursuant to authority of § 28–27–29, NDCC, for the entry of judgment nunc pro tunc, and thereafter a recertification to this court for further consideration.

The parties will rebrief and will be permitted to reargue the question—whether the original conditional order of the Board or the first and second extension orders are still reviewable.

ERICKSTAD, C. J., PAULSON and SAND, JJ. and LARRY M. HATCH, District Judge, concur.

HATCH, District Judge, sitting in place of VANDE WALLE, J., disqualified.