Linda EHLI, Appellant,

v.

NORTH DAKOTA WORKERS COM-
PENSATION BUREAU and Dan's
Super Valu, Appellees.

Civ. No. 890120.

Supreme Court of North Dakota.

Oct. 24, 1989.

Evans & Moench, Ltd., Bismarck, for appellant; argued by Kenneth S. Rau.

Hugh Patrick Seaworth (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, and Wheeler Wolf, Bismarck, for appellees; argued by Joseph J. Cichy.

ERICKSTAD, Chief Justice.

Linda Ehli appeals from a judgment of the District Court for Burleigh County, dated March 27, 1989, affirming the Bureau's order dated October 31, 1988, which denied Linda Ehli's claim for benefits. We affirm the judgment of the district court.

Dan's Super Valu employed Linda Ehli as a cashier. Ehli claimed Workers Compensation benefits for a back injury allegedly sustained while she was working on September 15, 1987. Ehli filed a claim for benefits on September 25, 1987. The Bureau issued an order dismissing Ehli's claim on February 19, 1988. After a formal hearing sought by Ehli, the Bureau determined:

"IV.

. "Claimant suffered from a chronic back condition dating back to January of 1986....

"V.

"The Bureau finds that claimant re-injured or aggravated her chronic back

condition sometime on or before September 15, 1987.

\* \* \* \* \* \*

"VIII.

"Although claimant's family and a former employee of Dan's Super Valu testified that claimant told them that she had injured her back at work on September 15, 1987, and not while moving on the previous weekend, there were no witnesses to the alleged injury on September 15, 1987, and the only direct evidence on this issue is claimant's own testimony. The Bureau finds that claimant's testimony on this issue is not credible or believable. This finding is based upon the fact that claimant had a very poor or selective memory regarding the injury and events leading up to the injury and her prior medical history, and that her testimony is inconsistent in many respects with medical records and other documents. Claimant's testimony denying that she told Chuck Vetter that her back had flared up over the weekend prior to the date of the alleged injury while claimant was moving is inconsistent with not only Chuck Vetter's testimony but also with a contemporaneous record made by Chuck Vetter on the date of the incident. Claimant's testimony that she was unable to work following September 15, 1987, as a result of the injury, and that she did not work after that date due to the injury, is inconsistent with payroll records and other documentation submitted by the employer proving that claimant did in fact work on several days following September 15, 1987. Claimant's characterization of her injury of January of 1986, her recovery from that injury, and residual effects of that injury is inconsistent with medical records and notes reporting claimant's statements made to a number of doctors following that injury and the subsequent year and one-half or more prior to the alleged incident of September of 1987.

\* \* \* \* \* \*

"XI.

"The greater weight of the evidence does not indicate that claimant sustained an injury by accident arising out of and in the course of employment on September 15, 1987."

The Bureau concluded:

"I.

"The claimant failed to prove an injury by accident arising out of and in the course of employment.

"II.

"The claimant failed to prove that the condition is causally related to an employment injury.

"III.

"The claimant failed to prove that the condition was fairly traceable to the employment.

"IV.

"The claimant failed to prove that she is entitled to benefits under the North Dakota Workers Compensation Act."

On appeal, the District Court for Burleigh County modified and affirmed the Bureau's order in a memorandum opinion dated February 9, 1989. The district court remanded the case to the Bureau for further investigation. The Bureau made a motion for reconsideration which was granted by the district court on March 16, 1989. The district court held that "a reasoning mind could have determined that the conclusions relied upon by the agency were proved by the greater weight of the evidence." A judgment affirming the Bureau's order dated October 31, 1988, in all respects was entered on March 27, 1989. Notice of entry of judgment was served on Ehli on April 20, 1989.

■ On April 10, 1989, Ehli filed a notice of appeal to this Court from the memorandum opinion dated February 9, 1989, rather than the final judgment of March 27, 1989. Although the memorandum opinion itself is not appealable, we have held that an attempted appeal from an order or memorandum decision will be treated as an appeal from a subsequently entered consistent

judgment, if one exists. *Dickinson Public School Dist. v. Sanstead,* 425 N.W.2d 906, 908 (N.D.1988); *Vanderhoof v. Gravel Products, Inc.,* 404 N.W.2d 485, 488 (N.D. 1987); *Olson v. Job Service North Dakota,* 379 N.W.2d 285, 287 (N.D.1985). The record contains a later judgment which is consistent with this memorandum opinion.[1] Accordingly, we will now consider the merits of this appeal.

Ehli's contentions on appeal are two fold: first, that the Bureau's denial of the claim based upon its findings regarding Linda's credibility is clearly erroneous and contrary to law; and second, that the Bureau's finding that Linda was injured while moving her residence is not supported by a preponderance of the evidence.

Pursuant to section 28–32–19, N.D.C.C., we must affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence or its conclusions are not supported by its findings of fact. *Froysland v. N.D. Workers Comp. Bureau,* 432 N.W.2d 883 (N.D. 1988); *Claim of Olson,* 419 N.W.2d 894 (N.D.1988). In determining whether or not an agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency, but we determine whether or not a reasoning mind could reasonably have determined that the factual conclusions were supported by the weight of the evidence.

*Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D.1979).

Ehli had back problems prior to this incident. She originally injured her back in a fall down the stairs of her home in January of 1986. The diagnosis of her injury from the fall made by Dr. Gregory Q. Hennenfent was possible L5 strain or possible early disk syndrome. Medical reports indicate Ehli complained of low back pain, which was described as severe, radiating into her left leg. Steroid injections were administered, along with physical therapy.

In October of 1986, Ehli sustained a cervical strain from a fall at work. A reoccurrence of the back pain occurred at that time and continued into 1987. Ehli complained of considerable leg pain and low back pain on the left side in February of 1987. As a result of the 1986 injuries, Ehli was restricted by her physician, Dr. Gregory Q. Hennenfent, to jobs not requiring lifting over 20 pounds.

Ehli had worked at the Royal Fork Buffet from March 8, 1985, until she started work at Dan's Super Valu sometime in May 1987. There is a conflict in the evidence as to whether or not Ehli left her Royal Fork job because of the required lifting or because she was not getting enough hours. Ehli had not indicated her 20 pound lifting restriction on her job application to Dan's Super Valu. The employment application asked the question: "To your knowledge, is there anything which may hinder you in

1. Following the memorandum opinion of February 9, 1989, which affirmed the Bureau's finding that Ehli had a pre-existing back injury, but remanded for further investigation to determine if Ehli had suffered an aggravation of the pre-existing injury, the Bureau moved to reconsider. In a "Memorandum of Decision" dated March 16, 1989, the court granted the Bureau's motion for reconsideration and affirmed the Bureau stating "[i]t was not my intention to imply in my Memorandum of Opinion that I found that appellant suffered the injury she claims to have sustained." Ehli did not appeal from the "Memorandum of Decision" of March 16, 1989; however, both sides have assumed that the appeal is from that document. We have previously held that an attempted appeal from an order for judgment or a memorandum decision will be treated as an appeal from a subsequently entered consistent judgment, if one exists. *Dickinson, supra.* We have also previously held that

when the memorandum opinion contains an order which was intended to be a final order and the order is one from which an appeal may be taken pursuant to statute, we will treat the appeal as an appeal from the order. *Retzlaff v. Grand Forks Public Sch. D. 1,* 424 N.W.2d 637, 638 n. 1 (N.D.1988); *Kaiser v. State,* 417 N.W.2d 175, 177 (N.D.1987); *Bond v. Busch,* 313 N.W.2d 704, 705 n. 3 (N.D.1981). The judgment entered on March 27, 1989, is consistent with the later memorandum opinion, but does not seem to be consistent with the earlier memorandum opinion, which is the one Ehli appealed from. This circumstance was obviously just an error in dates and the Bureau has conceded that this is an appealable matter. With an admonition that this practice shall not constitute a precedent for future appeals in Workers Compensation cases, we have reviewed the merits and as our opinion declares, have found no basis for relief on the part of the claimant, Ehli.

your ability to perform the job for which you have applied?" Ehli replied "[n]o." Ehli did not encounter any problems with this weight restriction over the months that she worked at Dan's Super Valu. The grocery items that she lifted were lighter than 20 pounds and carryout personnel were available to pack and lift the bags. Ehli worked at Dan's Super Valu from May 1987 to September 15, 1987, without incident to her back and had only at one time stepped off a ladder and twisted her ankle.

Ehli described the incident of September 15, 1987, causing her injury as follows: "I was bending over, lifting the item from the cart while lifting up the cart, and I turned wrong and I just had extreme pain throughout my back and down both of my legs." There were no witnesses to the incident. Ehli reported her injury to another cashier, who reported it to Brigeta Wutschick, a bookkeeper at Dan's Super Valu. Wutschick stated that Ehli "was crying and she said that she needed to go home." Chuck Vetter, the grocery manager, was then summoned. Vetter met Ehli halfway down an aisle, walking toward the back room. Vetter testified that Ehli was crying and that he tried to assist her. Vetter also testified that Ehli said "her back had hurt and she stated that possible flare-up from moving from the weekend." Vetter prepared a written report on the date of the incident, stating that he was told that the moving over the previous weekend had aggravated Ehli's back condition. Ehli denied that she aggravated her back while moving and denied that she told Vetter that she hurt her back while moving.

On the occasion of her alleged September 15, 1987, injury, Ehli was taken to the emergency room at St. Alexius Medical Center. The emergency room physician, Dr. W.H. Eelkema, noted that "[s]he has had chronic back pain for some time. She says it has been bothering her but it became worse today when she was lifting a cart approximately 15 minutes prior to arrival." Medical notes of Dr. D.M. Larson dated September 22, 1987, indicate Ehli reported lower back pain, radiating into her left leg, since the 1986 injury. Dr. Larson's notes indicate that "she turned to

look at her cash register while at the time was stooped over lifting a cart and she had the sudden onset of even more back pain." Upon further examination and testing, a central disk herniation was diagnosed by Dr. D.M. Larson at L5–S1. Ehli was hospitalized for several days at the end of October due to extreme discomfort caused by walking and physical activity.

The Bureau based its dismissal of Ehli's claim on its finding of a lack of credibility of Ehli and on its finding that Ehli did not meet her burden of proof by the greater weight of the evidence that she was injured in the course of employment. Ehli contends that "[t]he Bureau may not use a credibility finding to deny the claim, where the claimant has otherwise sustained the burden of proving by a preponderance of the evidence that she is entitled to compensation." Ehli cites *Roberts v. North Dakota Workmen's Comp. Bur.*, 326 N.W.2d 702 (N.D.1982), as authority for this proposition. *Roberts* involved an injury due to exposure to fiberglass insulation. In denying Roberts' claim, the Bureau found that she was not credible because she had a hysterical personality with hypochondriacal neurosis. This Court affirmed the district court which had reversed the Bureau's denial of the claim. In finding that Roberts had, by the greater weight of the evidence, proved that her injuries were causally related to her employment, we said:

"In denying Dolly's claim, the Bureau found that she was not credible because she has a hysterical personality with hypochondriacal neurosis.... Dolly's credibility as a witness is not particularly significant for purposes of determining whether or not she has a compensable injury in this case, because the existence of her alleged injury, her tracheobronchitis condition, was independently verified by several doctors one of whom, upon examining her, thought it necessary to hospitalize her for the condition." *Supra*, 326 N.W.2d at 706–07.

In *Roberts*, there was no conflict as to whether or not Roberts' condition had arisen during the course of her employment. The only issue was whether or not

there was a compensable injury and this was independently verified by several doctors. Therefore, the credibility of the claimant was not particularly significant, whereas it is in the instant case. In this case there is a direct conflict between the testimony of Ehli and Vetter as to whether or not Ehli said she injured her back moving her residence the previous weekend. Her credibility here is significant as her injury on the job is not independently verified.

█ The Bureau may question the credibility of witnesses when such credibility is relevant. "While the Bureau may not make credibility findings in order to 'sew up' the claimant's chances for a successful appeal, such findings will be upheld as long as they are supported by a preponderance of the evidence." [Cites omitted.] *Inglis v. North Dakota Workmen's Comp. Bureau*, 312 N.W.2d 318, 323 (N.D.1981). A claimant has the burden of proving his right to participate in benefits and must show that he or she was actually injured in the course of employment. *Fercho v. Workers Comp. Bureau*, 440 N.W.2d 507, 508 (N.D.1989) *citing Inglis, supra* at 322; section 65–01–11, N.D.C.C. Thus, Ehli has the burden of proving that her injury occurred during the course of her employment. The Bureau may refuse to give credence to the testimony of any witness when it appears that there are matters which impair its accuracy. *Inglis, supra* at 323. In *Fercho, supra*, this Court affirmed the Bureau's order denying benefits based on a claimant's credibility and failure to establish an injury in the course of employment. Fercho, a truck driver, claimed that he injured his back while replacing a spring on a truck. There was conflicting evidence that Fercho had not been injured in the course of his employment. There was testimony and other evidence in the record which revealed that Fercho had a long history of back problems for which he had been treated by a number of chiropractors and physicians. In responding to questions from a Bureau investigator and his employer's interrogatories, Fercho failed to disclose the nature and extent of his prior back problems. Based on the evidence, we said: "From our review of the record, we conclude that, on both Fercho's credibility and his failure to establish that he injured himself at work on October 25, 1986, the Bureau could have reasonably reached its factual determinations by the greater weight of all the evidence." *Fercho, supra* at 510.

█ There are certain inconsistencies in Ehli's claim and testimony which substantiate the Bureau's findings of a lack of credibility. Ehli testified that her 1986 injuries were treated for only a few months and that they basically resolved themselves. This testimony is inconsistent with medical reports in which Ehli complained of chronic back pain ever since the first 1986 injury. Ehli also testified that she did not recall returning to work at Dan's Super Valu after the injury. Records show that Ehli did work several days after September 15. Ehli had earlier filed a statement with the Bureau indicating she had returned to work, but was unable to work a full day because of the pain. Records of Dan's Super Valu indicate Ehli worked six to seven hour shifts following the injury. Prior to the injury, Ehli had worked five to seven hour shifts.

█ Weighing this evidence along with evidence of Ehli's prior medical history, we believe a reasoning mind could have reasonably concluded that Ehli failed to prove that her injuries arose out of and in the course of her employment with Dan's Super Valu on September 15, 1987. For the reasons stated herein, the judgment of the district court affirming the judgment of the Bureau is affirmed.

VANDE WALLE, GIERKE, MESCHKE and LEVINE, JJ., concur.