1997 ND 137

Gary SOWATZKI, Claimant and Appellee,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
Appellant.

Civil No. 960267.

Supreme Court of North Dakota.

July 17, 1997.

Neil Thompson, of Thompson & Thompson, Devils Lake, for Claimant and Appellee.

Douglas W. Gigler, Special Assistant Attorney General, Nilles, Hansen & Davies, Fargo, for Appellant.

NEUMANN, Justice.

[¶ 1] The North Dakota Workers Compensation Bureau appealed a district court judgment reinstating the Bureau's August 16, 1995, order awarding Gary Sowatzki permanent partial impairment benefits. Sowatzki

moved to dismiss the appeal. We deny the motion to dismiss, reverse the judgment, and remand for further proceedings.

[¶ 2] On April 15, 1993, Sowatzki filed a claim for workers compensation benefits for hearing loss after thirty-one years of working around heavy equipment on construction sites. On January 20, 1994, the Bureau dismissed the claim, concluding it was not timely filed under NDCC 65–05–01. After a rehearing at Sowatzki's request, the Bureau issued an order affirming its January 20, 1994, dismissal of Sowatzki's claim.

[¶ 3] Sowatzki appealed to the district court, which reversed the Bureau's dismissal orders and remanded the matter to the Bureau. On August 16, 1995, the Bureau awarded Sowatzki $15,561 under NDCC 65–05–12 for a 24.7 percent whole body impairment for bilateral hearing loss.

[¶ 4] When Sowatzki received his award, he sent a letter to the Bureau questioning how the Bureau determined he had a 24.7 percent whole body impairment. In response to the letter, the Bureau reviewed the file and determined Sowatzki had been overpaid. The Bureau concluded Sowatzki was entitled to a permanent partial impairment award of $6,224.40 under NDCC 65–05–13(28), rather than a whole body impairment under NDCC 65–05–12. On October 20, 1995, the Bureau issued an order revoking Sowatzki's previous award and ordered Sowatzki to repay $9,336.60.

[¶ 5] Sowatzki appealed the second order to the district court. On November 17, 1995, the court issued an order reversing the Bureau's October 20, 1995, order, and reinstating the Bureau's August 16, 1995, order. The district court did not wait for the Bureau to file a certified copy of the record of proceedings before the Bureau, or an abstract of the record, as required by NDCC 28–32–17. The district court also did not review the appeal from the Bureau's determination "based only on the record filed with the court," as provided in NDCC 28–32–19.

[¶ 6] The Bureau requested the district court to reconsider its summary disposition of Sowatzki's appeal. In a hearing on December 20, 1995, the Bureau contended it was entitled to an opportunity to address the merits of Sowatzki's appeal before the court reversed the Bureau's order. In response to counsel's argument, the district court declined to discuss the merits of the appeal, but allowed the Bureau to submit a brief discussing whether the Bureau had the authority to revoke Sowatzki's award without affording him due process:

"THE COURT: I'll give you this, Mr. Gigler, you may address this court and the order isn't final for purposes of an appeal until you've had an opportunity to brief to me whether there is a requirement of due process before an order revoking an order is issued by the Bureau unilaterally. In other words it's that October 20 order. And that's the only issue I want briefed....

"MR GIGLER: ... So in other words, you're not going to—you're not going to hear the merits.

"THE COURT: Not yet and it appears that I probably won't because is if what I believe they believe, they should have had the right to due process hearing before the revoking of that order, ... but I'll let you have that one shot on that issue alone.

"MR. GIGLER: All right, could I get you to repeat the precise issue just so I don't go outside of the scope of the court's direction. I just want to make sure.

"THE COURT: Okay, whether the Bureau has the authority to revoke another order without due process without the right of the claimant to be heard....

\*　　\*　　\*　　\*　　\*　　\*

"MR. GIGLER: And for my information, Your Honor, if you decide in the Bureau's favor on the due process issue, then what happens we're allowed to file briefs on the merits then?

"THE COURT: I don't know. I will then give direction of whether my earlier order is final or whether I'm going to do anything different. You will get something from me giving you direction in an order of how I believe the case should proceed."

[¶ 7] In a letter of January 17, 1996, the Bureau's attorney informed the district court the Bureau would not be filing a brief:

"I discussed the hearing and the Court's proposal with the Bureau, and it respectfully declines the opportunity to submit a brief on the due process issue. The Bureau does not believe that anything can be gained by addressing this issue, since the Court has indicated that it may not permit the Bureau to be heard on the merits of Mr. Sowatzki's appeal, even if it were to decide the due process issue in the Bureau's favor."

On January 22, 1996, the district court issued an order stating, in part:

"The above entitled matter having come before this Court upon the request of the Respondent, North Dakota Workers Compensation Bureau, which requested a hearing on the Court's decision to reverse the Bureau's Order Revoking Order Awarding Permanent Partial Impairment Benefits and Order for Repayment dated October 20, 1995.

\* \* \* \* \* \*

"Found that North Dakota Workers Compensation Bureau did not afford Mr. Sowatzki due process when it revoked the original order.

\* \* \* \* \* \*

"The Court gave the Bureau an opportunity to submit a brief on the due process issue and for the Appellant to respond."

A judgment decreeing the Bureau's "Order Awarding Permanent Partial Impairment Benefits dated August 16, 1995 is hereby reinstated and [Sowatzki] will not re-pay any benefits received," was entered in the district court on July 12, 1996. Sowatzki mailed a notice of entry of judgment to the Bureau on September 11, 1996. The Bureau appealed the judgment on September 12, 1996.

## I. THE MOTION TO DISMISS APPEAL

[¶ 8] Sowatzki filed a motion to dismiss the Bureau's appeal of the district court judgment on two grounds: (1) "due to the lack of subject matter jurisdiction," and (2) "for the reason it is not a final order or judgment." Sowatzki contended that "the time for appeal

would at least begin running on January 24, 1996 the date of the final order." As we understand Sowatzki's arguments in support of his motion, we must decide if the district court judgment entered on July 12, 1996, was a final and appealable judgment, and we must decide if the district court's earlier orders of November 17, 1995, and January 22, 1996, were appealable.

[¶ 9] As we discussed in *Municipal Servs. Corp. v. State*, 483 N.W.2d 560 (N.D. 1992), the district court judgment appealed from by the Bureau was a final, appealable, judgment:

"MSC moved to dismiss the appeal for lack of appellate jurisdiction. The Department appealed pursuant to § 28–32–21, N.D.C.C., which allows an administrative agency to appeal from the final judgment of the district court. MSC contends that '[t]here can be no dispute that the district court's order is not a final judgment' and argues that '[a]n order that merely vacates a prior decision leaves the action pending below.' We disagree. The district court did not retain jurisdiction and remand a matter to the administrative agency for the receipt and consideration of additional evidence under § 28–32–18, N.D.C.C., before deciding the appeal. Here the district court decided the appeal, vacated the Department's decision, and remanded the matter to the Department to affirm, reverse, amend or modify its decision. The district court had nothing more to do in the case. A judgment was entered and it was final and appealable under § 28–32–21, N.D.C.C. To adopt MSC's argument would render many district court decisions on legal questions 'effectively unreviewable' [*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351, 358 (1978) ]."

*Municipal Servs. Corp.*, 483 N.W.2d at 561, see also *Siewert v. North Dakota Workers Comp. Bureau*, 554 N.W.2d 465, 466 n. 1 (N.D.1996).

[¶ 10] In *Center State Bank, Inc. v. State Banking Bd.*, 276 N.W.2d 132 (N.D.1979), the Bank appealed a district court order affirming the Board's denial of an extension of time

to meet conditions imposed by the Board. This court said NDCC 28–32–21 [1] "only authorizes appeals from judgments" and quoted the following language from *Langer v. Gray*, 74 N.D. 709, 24 N.W.2d 339, 340 (1946) about NDCC Ch. 28–32:

> " 'The legislature at that time saw fit to provide for appeals from the district court to the Supreme Court from judgments only.... The order described in the notice of appeal is not a judgment.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> " '... Until such judgment is entered no right of appeal to the Supreme Court exists.' "

*Center State Bank, Inc.*, 276 N.W.2d at 134. In *Davis v. Job Service*, 365 N.W.2d 497, 499 (N.D.1985), this court dismissed an appeal in which the notice of appeal stated the appeal was from an "order" and not from a "judgment" because an appeal involving an administrative agency decision is governed by NDCC 28–32–21, and "[a]n order for judgment is not an appealable order. Consequently, there is no statutory authorization for this appeal and it is dismissed." *Id.* at 499 (citations omitted).

[¶ 11] In contexts other than appeals involving administrative agency decisions, we have treated district court orders obviously intended to be final as appealable final orders. *See, e.g., Timmerman Leasing, Inc. v. Christianson*, 525 N.W.2d 659, 660 n. 1 (N.D. 1994); *Sime v. Tvenge Associates Architects & Planners, P.C.*, 488 N.W.2d 606, 608 (N.D. 1992). This court has also treated appeals from district court orders as appeals from subsequently entered judgments consistent with the orders from which appeals were taken. *See, e.g., Allstate Ins. Co. v. Knutson*, 278 N.W.2d 383, 385 (N.D.1979). This court has held that an appeal from a memorandum decision "will be treated as an appeal from a subsequently entered consistent judgment, if one exists." *Ehli v. North Dakota Workers*

*Comp. Bureau*, 447 N.W.2d 313, 314–15 (N.D.1989). "We have also previously held that when the memorandum opinion [from which an appeal has been taken] contains an order which was intended to be a final order and the order is one from which an appeal may be taken pursuant to statute, we will treat the appeal as an appeal from the order." *Id.* at 315 n. 1. This court took those steps in the interest of justice to "preserve those appeals which, but for an error by the appellant, would have been reviewed on their merits." *Olson v. Job Serv. North Dakota*, 379 N.W.2d 285, 287 (N.D.1985). Those decisions preserved premature appeals when a judgment was entered after the order from which an appeal was taken. Sowatzki has not drawn our attention to any decision dismissing an appeal from a judgment entered after entry of orders which had not been appealed.

■ [¶ 12] Relying on our opinions in *Center State Bank, Inc.*, *Langer v. Gray*, and *Davis v. Job Service*, we conclude the court's orders of November 17, 1995, and January 22, 1996, were not appealable. The judgment entered on July 12, 1996, was appealable and the Bureau filed a timely appeal from a properly entered district court judgment. Sowatzki's motion to dismiss the Bureau's appeal is denied.

## II.  THE SUMMARY REVERSAL

■ [¶ 13] The Bureau contends the district court's summary disposition of Sowatzki's appeal denied the Bureau its right to participate in the appeal.

[¶ 14] After summarily reversing the Bureau's October 20, 1995, order, and reinstating the Bureau's August 16, 1995, order, the district court offered the Bureau an opportunity to brief the due process issue. The Bureau declined to file a brief on the due process issue because the court "indicated that it may not permit the Bureau to be

---

1.  NDCC 28–32–21 provides, in part:

> "The judgment of the district court in an appeal from an order or rulemaking action of an administrative agency may be reviewed in the supreme court on appeal in the same manner as provided in section 28–32–19 or 28–32–19.1, except that the appeal to the supreme

> court must be taken within sixty days after the service of the notice of entry of judgment in the district court."

Because the Bureau's appeal is governed by NDCC 28–32–21, Sowatzki's reliance on NDCC 28–27–02, which governs appeals in civil actions or special proceedings, is misplaced.

heard on the merits ... even if it were to decide the due process issue in the Bureau's favor." NDCC 28–32–19 authorizes a district court to require parties to an appeal from an administrative agency determination to file briefs. The record does not disclose that the district court had "'an unalterably closed mind'" on the merits, *Municipal Servs. Corp. v. State,* 483 N.W.2d 560, 563 (N.D. 1992) (quoting *Association of Nat'l Advertisers, Inc. v. F.T.C.,* 627 F.2d 1151, 1154 (D.C.Cir.1979), *cert. denied,* 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1113 (1980)), and the Bureau clearly should have briefed the due process issue as directed by the court. It is difficult to credit the Bureau's argument it was denied the right to participate in the appeal, when the Bureau refused to brief the due process issue as it was directed to do.

[¶ 15] At the same time, we note the question of the Bureau's authority to revoke Sowatzki's permanent partial impairment award and to order repayment without first affording Sowatzki an opportunity to be heard was a significant issue the district court should not have decided without complying with the provisions of NDCC Ch. 28–32. NDCC 28–32–15(5) provides "[t]he agency and all parties of record have the right to participate in the appeal." When there has been an appeal from a decision of an administrative agency, NDCC 28–32–17(2) requires the administrative agency to "prepare and file in the office of the clerk of the district court in which the appeal is pending the original or a certified copy of the entire record of proceedings before the agency, or an abstract of the record as may be agreed upon and stipulated by the parties." NDCC 28–32–17(5) provides that "[e]xcept to the extent that this chapter or another statute provides otherwise, the agency record constitutes the exclusive basis for administrative agency action and judicial review of an administrative agency action." NDCC 28–32–19 provides the district court "must review an appeal from the determination of an administrative agency based only on the record filed with the court."

[¶ 16] The district court decided Sowatzki's appeal before the Bureau filed the "record of proceedings before the agency," NDCC 28–32–17(2), which "constitutes the exclusive basis for ... judicial review," NDCC 28–32–

17(5), of the Bureau's decision. The district court "must review an appeal from the determination of an administrative agency based only on the record filed with the court." NDCC 28–32–19. The district court ruled in this case without affording the Bureau an opportunity to provide the record necessary for an appropriate review. We must, therefore, reverse the district court judgment reinstating the Bureau's August 16, 1995 order.

[¶ 17] Sowatzki's motion to dismiss the Bureau's appeal is denied, the judgment is reversed, and the matter is remanded to the district court for review of Sowatzki's appeal of the Bureau's decision in accordance with the procedural requirements of NDCC Ch. 28–32. In light of the Bureau's refusal to submit a brief as directed by the district court, and the Bureau's election to initiate this appeal rather than comply with the district court's directive, the district court is directed to assess against the Bureau the appellee's costs and expenses of this appeal, including attorney fees of $500.00.

[¶ 18] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ.

MESCHKE, Justice, concurring.

[¶ 19] I join in the majority opinion remanding for a review by the district court on the administrative record, when filed by the Bureau, and directing the district court to assess costs and attorney fees against the Bureau and in favor of the claimant for causing the unnecessary waste of judicial resources by this appeal before filing the record and responding to the trial court's request for a brief.

[¶ 20] It should be clear that the Bureau also failed its statutory duty to take the steps to prepare and file the official agency record in the district court as directed by NDCC 28–32–17. Subsection 5 of NDCC 28–32–17 declares "the agency record constitutes the exclusive basis for administrative agency action and judicial review of an administrative agency action." Under NDCC 28–32–17(2), the agency must begin that record process of filing the record within "thirty days ... after an appeal has been taken to the district court" unless a longer time is directed by the court. The Bureau's statutory duty to take

the steps to file the record is not dependent on any order of the district court.

[¶ 21] This appeal to the district court was filed November 3, 1995. Although the district court ruled prematurely on November 17 before the record was filed, I don't see any exception in NDCC 28–32–17 that excuses the Bureau's duty to file the record. The district court later "allow[ed] the Bureau to submit a brief," but on January 17, 1996, the Bureau refused and advised the district court it would seek relief in this court. There is no evidence in the docket sheet that the Bureau had taken any steps to file the record by January 17, more than 75 days after the appeal had been filed.

[¶ 22] From the delay in entry of the judgment, the Bureau did not appeal to this court until September 12, 1996. More than ten months after the appeal, the Bureau had still not undertaken to file the agency record. The Bureau's complete failure to file the agency record has foreclosed any effective judicial review of the Bureau's actions after the district court's original remand of April 17, 1995, on this appeal. This bald breach of the Bureau's statutory duty to furnish the agency record for this appeal also justifies our direction to the district court to assess it costs and attorneys fees in favor of the claimant.

[¶ 23] Herbert L. Meschke