Steven VOGEL, Petitioner
and Appellant,

v.

DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.

Civ. No. 900120.

Supreme Court of North Dakota.

Oct. 31, 1990.

William Kirschner & Associates, Fargo, for petitioner and appellant; Ralph A. Vinje (argued) of Vinje Law Firm, Bismarck, on behalf of William Kirschner.

Gregory B. Gullickson (argued), Asst. Atty. Gen., Atty. General's Office, Bismarck, for respondent and appellee.

GIERKE, Justice.

Steven Vogel appealed from a district court judgment affirming the North Dakota State Highway Commissioner's suspension of Vogel's drivers license. We affirm.

On October 24, 1989, Cass County Deputy Sheriff Duwayne Nitschke arrested Vogel for being in physical control of a vehicle while having a blood alcohol concentration of at least .10 percent. Following an administrative hearing the Commissioner suspended Vogel's drivers license for 91 days under Section 39–20–04.1, N.D.C.C. Vogel appealed the suspension to the district court which affirmed the Commissioner's decision, and Vogel then appealed from the district court judgment to this court. On appeal, Vogel raises two issues:

(1) Whether Officer Nitschke had probable cause to arrest Vogel for being in physical control of a vehicle while having a blood alcohol concentration of at least .10 percent; and

(2) Whether the administrative hearing officer denied Vogel's due process rights by refusing Vogel's request to test the Intoxilizer 5000 machine at the administrative hearing.

The hearing officer concluded that Officer Nitschke had reasonable grounds, at the time of the arrest, to believe that Vogel was in violation of Section 39–20–04.1, N.D.C.C. Vogel asserts on appeal that Officer Nitschke did not have probable cause to make the arrest.

■ This appeal is governed by the Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C., and our review is limited to an examination of the record compiled before the administrative agency rather than the findings of the district court. *Berger v. State Highway Commissioner*, 394 N.W.2d 678 (N.D.1986). Our role in reviewing the factual basis of an administrative decision is to determine whether the hearing officer's findings are supported by a preponderance of the evidence. *Dodds v. North Dakota State Highway Commissioner*, 354 N.W.2d 165 (N.D.1984).

The evidence relevant to this issue is undisputed. In the early morning hours of October 24, 1989, Officer Nitschke, while on duty, observed Vogel's car parked in front of several semi-tractor trailer trucks at the Flying J Truck Plaza. The car's engine was running, the lights were on, and a person was sitting behind the driver's wheel "partially slumped over toward his right-hand side." Nitschke testified that he approached the car to determine whether medical assistance was needed. When he opened the car door to turn off the lights and ignition, he detected an odor of alcohol from inside the vehicle. When Nitschke woke Vogel by tapping him on the shoulder, he observed that Vogel appeared to be confused and that his eyes were bloodshot. Nitschke asked Vogel to step from the vehicle. Nitschke observed that as Vogel stood up he had to grab the car door to maintain his balance. Nitschke then asked Vogel to take a seat in the back of the patrol car, and as Vogel walked toward the car he again had to "reach out and grab the front quarter panel" of the patrol car in order to maintain his balance. While talking with Vogel in the patrol car, Nitschke observed that Vogel was having difficulty speaking, using choppy short sentences and phrases. Nitschke explained, "you couldn't put two and two together exactly what he was saying." At that point Nitschke arrested Vogel for being in physical control of the vehicle while under the influence of alcohol. Nitschke testified that he did not request Vogel to perform field sobriety tests because it appeared that Vogel was having a very difficult time maintaining his balance and Nitschke was afraid that Vogel would "fall down and hurt himself" if he was required to perform such tests. Vogel consented to take an Intoxilizer test, which showed that he had a blood alcohol concentration of .13 percent.

■ In determining whether there is probable cause to make an arrest, the arresting officer need only possess knowledge that would furnish a prudent person with reasonable grounds for believing that a violation has occurred. *State v. Goeman*, 431 N.W.2d 290 (N.D.1988). In making a determination of probable cause each case must turn on the particular facts and circumstances apparent to the officer involved at the time of the arrest. *Witte v. Hjelle*, 234 N.W.2d 16 (N.D.1975). In this case, Officer Nitschke, after waking Vogel inside his vehicle, smelled the odor of alcohol emanating from Vogel, and observed Vogel's bloodshot eyes, his inability to maintain his balance while walking, and his difficulty in speaking coherently. Having made those observations, Nitschke had reasonable grounds for believing that Vogel had violated the law. We conclude that the hearing officer's finding that Nitschke had probable cause to arrest Vogel is supported by a preponderance of the evidence.

Vogel also asserts on appeal that the hearing officer's denial of his request to test the Intoxilizer machine during the hearing constituted a deprivation of Vogel's due process rights. We disagree.

■ Prior to the administrative hearing, Vogel's attorney requested that the hearing officer make the Intoxilizer available at the hearing, but gave no reason for the request. The request was denied. At the hearing Vogel was allowed to introduce as evidence a two-page article (Exhibit 12) from the Drinking/Driving Law Letter, Volume 8, Number 22, October 27, 1989, written by Thomas R. Burr, B.S., entitled "Elevated Breath Alcohol Tests with Lip Balms and Breath Fresheners: A Study with an Intoxilizer 5000." The substance of the article was that if an Intoxilizer test is given within 20 minutes of the subject having used certain lip balms or breath fresheners an invalid test might result. Vogel's attorney requested that the hearing officer allow the proceedings to be moved to the location of the Intoxilizer machine to "do an experiment with the machine to show that it responds as indicated in the letter." The hearing officer

asked Vogel's attorney if he was contending that Vogel "had something other than alcohol which may have shown up on the machine," to which Vogel's attorney responded, "We have no idea." The hearing officer then denied the request to test the Intoxilizer, stating:

"I am not convinced that it is necessary to do an experiment on the machine, particularly when there's no showing that there was any other element that we should be looking at.... I have received, and will certainly consider, Exhibit 12 as part of the record."

Under Section 39–20–07, N.D.C.C., the State Toxicologist is authorized to approve satisfactory devices and methods for Intoxilizer tests. Once it is demonstrated, as in this case, that the State Toxicologist's approved method was followed in rendering the Intoxilizer test, it is inadequate to challenge the results by merely raising the possibility of error. *Berger v. State Highway Commissioner*, 394 N.W.2d 678 (N.D. 1986).

The undisputed evidence in this case is that a 20 minute waiting period was observed before Officer Nitschke administered the test, and Vogel made no assertion to the hearing officer that he had used any substance prior to the test which might have caused an invalid test result. Vogel was therefore unable to demonstrate the relevance to his case that his requested experimentation with the Intoxilizer at the hearing might have had.

Although minimal due process before an administrative board is not synonymous with the minimal requirements of due process in a court of law, Vogel was entitled to procedural fairness at his administrative hearing. *Kobilansky v. Liffrig*, 358 N.W.2d 781 (N.D.1984). Under these circumstances, we conclude that the hearing officer's refusal to allow Vogel to experiment with the Intoxilizer at the hearing did not deprive Vogel of a fair hearing and did not violate Vogel's due process rights.

In accordance with this opinion, the judgment of the district court upholding the Commissioner's suspension of Vogel's license is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.