2010 ND 59

**Christian Robert WOLFER,
Plaintiff and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF
TRANSPORTATION, Defendant
and Appellee.**

No. 20090346.

Supreme Court of North Dakota.

April 6, 2010.

Danny L. Herbel, Bismarck, ND, for plaintiff and appellant.

Michael T. Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Christian Robert Wolfer appealed from the district court's judgment affirming the Department of Transportation's suspension of his driving privileges for 365 days. We reverse because the Department did not conduct the hearing in accordance with the law when the hearing officer unilaterally decided to conduct a portion of the hearing telephonically.

I.

[¶ 2] On April 25, 2009, Wolfer was arrested for driving under the influence of intoxicating liquor. Wolfer requested a hearing on the suspension or revocation of his driving privileges. The Department scheduled a hearing for June 3, 2009, and sent Wolfer a notice. The notice did not indicate any portion of the hearing would be conducted telephonically or that any testimony would be taken telephonically.

[¶ 3] At the hearing, North Dakota Highway Patrol Officer Thomas Iverson testified telephonically. The day before the hearing, Officer Iverson had a telephone conversation with the hearing officer and Wolfer's attorney. Officer Iverson discussed the possibility that he would not be able to testify in person in Bismarck because he would be in Devils Lake for a job interview. At the hearing, Wolfer objected to the hearing officer allowing Officer Iverson to testify telephonically on due process grounds. He objected because the notice did not indicate there would be telephonic testimony. He argued taking telephonic testimony would substantially prejudice and infringe his right to a fair hearing because the hearing officer would not be able to judge Officer Iverson's demeanor or credibility. Wolfer asserted the hearing officer would not be able to determine if Officer Iverson was alone in the room from which he was testifying, or if he was testifying from notes or documents. Wolfer also argued there was not good cause to take telephonic testimony.

[¶ 4] The hearing officer offered to continue the hearing, but Wolfer stated he was not able to take additional time off work for another hearing. After determining the parties would not be able to agree on a new date for the hearing, the hearing officer asked Officer Iverson if there was anyone else in the room with him, and Officer Iverson said there was not. The hearing officer then overruled Wolfer's objection and admonished Officer Iverson to testify only from memory, and to notify the hearing officer when he was testifying from his report. The hearing officer explained Wolfer's right to due process was not violated because "[t]he only thing that is different from a hearing where the trooper is in person is that his testimony is by telephone."

[¶ 5] Before Officer Iverson testified, the hearing officer advised him of the penalty for perjury and Officer Iverson took the oath. Wolfer's attorney objected to the oath because the oath was not given in person and the hearing officer could not verify the identity of the person taking the oath telephonically. The hearing officer overruled the objection. The hearing officer again had Officer Iverson confirm that he was alone and again admonished him to testify from memory, and to inform the hearing officer before he referred to his notes.

[¶ 6] During his cross-examination of Officer Iverson, Wolfer's attorney asked Officer Iverson if he was able to diagram the roadway where he stopped Wolfer's vehicle. Officer Iverson stated he would not be able to do so, because he was not present at the hearing. Wolfer's attorney also asked Officer Iverson if he would be able to demonstrate how he performed the horizontal gaze nystagmus test. Officer

Iverson responded he would not be able to do so because he was not present at the hearing. Wolfer's attorney did not ask Officer Iverson to verbally describe the roadway or how he performed the horizontal gaze nystagmus test. At the close of Officer Iverson's testimony, the hearing officer stated, "I will note for the record that I recognized the voice of Thomas Iverson testifying here today. I've had Trooper Iverson testify at numerous hearings in the past."

[¶ 7] The hearing officer concluded Wolfer had not demonstrated any prejudice as a result of Officer Iverson's telephonic testimony. Thus, his right to due process had not been violated. The hearing officer suspended Wolfer's driving privileges for 365 days.

[¶ 8] Wolfer appealed the hearing officer's decision to the district court. The district court affirmed the decision. The district court explained, "Section 28–32–35 specifically permit[s] the use of telephonic testimony at administrative hearings." The district court also asserted, "Wolfer cannot claim that his due process rights were violated due to his surprise that testimony would be offered telephonically when he declined the hearing officer's invitation for a continuance and elected to proceed with the hearing." According to the district court, the cross-examination of Officer Iverson did not demonstrate prejudice because Wolfer's attorney did not ask Officer Iverson to verbally describe the road where he stopped Wolfer, or how he conducted the horizontal gaze nystagmus test. The district court explained Wolfer could have shown prejudice if he had asked for the testimony and the testimony was ineffective. Regarding the telephonic oath, the district court cited *Lawrence v. Delkamp*, 2008 ND 111, ¶ 15, 750 N.W.2d 452 and stated, "Under the facts and circumstances of the instant case, it appears that

in the hearing officer's discretion there existed good cause and adequate safeguards in place to allow Trooper Iverson to testify by telephone." The district court determined the hearing officer did not violate Wolfer's right to due process.

## II.

[¶ 9] On appeal, Wolfer argues the Department violated his right to due process, and did not conduct the hearing according to the law, when it took Officer Iverson's testimony telephonically. The Department argues Wolfer was not prejudiced by the telephonic testimony.

[¶ 10] This Court's standard of review of a driver's license suspension is well established:

The Department's authority to suspend driving privileges is governed by statute, and the Department must meet basic and mandatory statutory requirements to have the authority to suspend driving privileges. *Schaaf v. N.D. Dep't of Transp.*, 2009 ND 145, ¶ 9, 771 N.W.2d 237. This Court reviews the Department's decision to suspend driving privileges under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Barros v. N.D. Dep't of Transp.*, 2008 ND 132, ¶ 7, 751 N.W.2d 261. Under N.D.C.C. § 28–32–49, we must affirm the Department's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. "An agency's decisions on questions of law are fully reviewable." *Kiecker v. N.D. Dep't of Transp.*, 2005 ND 23, ¶ 8, 691 N.W.2d 266 (quoting *Huff v. Bd. of Medical Examiners*, 2004 ND 225, ¶ 8, 690 N.W.2d 221).

*Landsiedel v. Dir., N.D. Dep't of Transp.*, 2009 ND 196, ¶ 6, 774 N.W.2d 645.

## III.

[¶ 11] Wolfer argues his due process rights were violated. Wolfer was entitled to due process in his administrative hearing because a driver's license is a protectable property interest. *Morrell v. N.D. Dep't of Transp.*, 1999 ND 140, ¶ 8, 598 N.W.2d 111 (citing *Sabinash v. Dir. of Dep't of Transp.*, 509 N.W.2d 61, 63 (N.D. 1993)). Due process requires notice and an opportunity to be heard. *Id.* at ¶ 9 (citing *Saakian v. N.D. Workers Comp. Bur.*, 1998 ND 227, ¶ 11, 587 N.W.2d 166). "Notice is sufficient if it informs the party of the nature of the proceedings so there is no unfair surprise." *Id.* (citing *Saakian*, at ¶ 11). Wolfer argues he was unfairly surprised by the officer's telephonic testimony.

[¶ 12] We recently discussed hearings conducted telephonically by the Department of Transportation in *Landsiedel*. In that case, a consolidation of two separate appeals, the hearing officers conducted the hearings by telephone, outside the presence of the drivers and witnesses. *Landsiedel*, 2009 ND 196, ¶¶ 3, 5, 774 N.W.2d 645. We noted N.D.C.C. § 28–32–35 permits hearings to be conducted telephonically in some circumstances:

A hearing may be conducted in total or in part by making use of telephone, television, facsimile services, or other electronic means if each participant in the hearing has an opportunity to participate in, to hear, and, if practicable, to see the entire proceeding while it is taking place, and if such use does not substantially prejudice or infringe on the rights and interests of any party.

*Id.* at ¶ 9 (quoting N.D.C.C. § 28–32–35). We also explained N.D.C.C. § 39–20–05 "demonstrates the Legislature intended for the Department to conduct in-person hearings, and the Department cannot unilaterally determine hearings will be conducted telephonically." *Id.* at ¶ 12. We noted the Department must conduct in-person hearings because the statute requires the hearing officer to "immediately deliver" his or her decision to the driver, but provides for mail delivery if the driver fails to appear. *Id.* We reconciled N.D.C.C. §§ 28–32–35 and 39–20–05, stating:

In addition to permitting telephonic hearings, N.D.C.C. § 28–32–35 also requires hearing officers "regulate the course of the hearing in conformity with this chapter and ... any other applicable laws...." The Administrative Agencies Practice Act therefore requires that the Department's hearing officers comply with its procedural requirements as well as those embodied in other applicable statutes, including N.D.C.C. § 39–20–05. Because N.D.C.C. § 39–20–05

does not permit the Department to unilaterally determine hearings will be telephonic, N.D.C.C. § 28–32–35 also prohibits the Department from making such determinations.

*Id.* at ¶ 13. We held the hearings were not conducted in accordance with the law and remanded the cases for further proceedings. *Id.* at ¶ 15.

[¶ 13] We recognize the hearing officer and the district court did not have the benefit of this Court's decision in *Landsiedel* at the time of the hearing or the appeal. Nevertheless, the Department attempts to distinguish *Landsiedel* from this case. In *Landsiedel,* we stated, "Only where the hearing officer and driver are both physically present may the Department give effect to [N.D.C.C. § 39–20–05]." *Id.* at ¶ 12. The Department notes that, unlike *Landsiedel* and Neu, Wolfer and the hearing officer were present in the same place. Only the witness appeared telephonically. Thus, the Department argues, it conducted the hearing in accordance with the law.

[¶ 14] *Landsiedel* clearly states the Department cannot unilaterally decide to hold a portion of the hearing telephonically. *Id.* Wolfer objected to Officer Iverson testifying by telephone. The hearing officer unilaterally decided to take Officer Iverson's testimony telephonically. In addition, the notice in this case did not indicate any portion of the hearing would be conducted telephonically or that testimony would be taken telephonically. Wolfer was unfairly surprised when the hearing officer decided to take telephonic testimony without notice.

[¶ 15] We have previously discussed the potential problems associated with telephonic testimony:

> In testimony by telephone the image of the witness cannot be seen nor does it disclose if the witness is using or relying upon any notes or documents and, as a result, meaningful communication is effectively curtailed or prevented.... Above all, in testimony by telephone the trier of facts is put in a difficult, if not impossible, position to take into account the demeanor of the witness in determining the witness' credibility.

*Lawrence v. Delkamp,* 2008 ND 111, ¶ 10, 750 N.W.2d 452 (quoting *Gust v. Gust,* 345 N.W.2d 42, 45 (N.D.1984)). The explanatory note to Federal Rule of Civil Procedure 43 explains, "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.* (quoting Fed.R.Civ.P. 43, expl. note). These dangers of telephonic testimony were evident in the hearing in this case, as the hearing officer could not see Officer Iverson to judge his demeanor, or determine if he was testifying from notes or other documents. Officer Iverson was also unable to diagram the roadway where the stop occurred or demonstrate how he conducted the horizontal gaze nystagmus test because he was not present at the hearing. The hearing officer's unilateral decision to take telephonic testimony led to an unfair hearing and violated Wolfer's right to due process.

## IV.

[¶ 16] We reverse the Department's order suspending Wolfer's driving privileges and the district court's judgment affirming the Department's order.

[¶ 17] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.