2015 ND 179

Teresa Dawn SCHLITTENHART,
Appellant and Cross–
Appellee

v.

NORTH DAKOTA DEPARTMENT OF
TRANSPORTATION, Appellee
and Cross–Appellant.

No. 20140262.

Supreme Court of North Dakota.

July 1, 2015.

Danny L. Herbel, The Regency Business Center, Bismarck, N.D., for appellant and cross-appellee.

Douglas B. Anderson, Office of Attorney General, Bismarck, N.D., for appellee and cross-appellant.

SANDSTROM, Justice.

[¶ 1] Teresa Schlittenhart appeals and the Department of Transportation cross-appeals from a district court judgment that reversed a hearing officer's order suspending her driving privileges and remanding to the Department for a new hearing. We conclude the hearing officer did not abuse her discretion in scheduling a hearing for a date on which both the arresting officer and Schlittenhart could be personally present or in allowing Schlittenhart's attorney to appear telephonically at the hearing. We further conclude the hearing officer did not deny Schlittenhart due process by continuing with the hearing after Schlittenhart's attorney had disconnected from the telephone call during the hearing. We reverse the judgment and

reinstate the Department's order suspending Schlittenhart's driving privileges for 91 days.

## I

[¶ 2] On September 29, 2013, a North Dakota highway patrol officer arrested Schlittenhart for driving a vehicle while under the influence of intoxicating liquor. After arrest she was given a chemical blood test. On October 15, 2013, after receiving the results of Schlittenhart's blood test, the officer mailed the report and notice form with the temporary operator's permit to Schlittenhart. The report and notice listed her chemical test result as .086 alcohol concentration by weight, which is over the legal limit. On October 23, 2013, Schlittenhart requested a hearing on the Department's proposed suspension of her driving privileges.

[¶ 3] On November 4, 2013, the hearing officer sent Schlittenhart a notice of administrative hearing for November 13. On November 6, 2013, the hearing officer sent Schlittenhart an amended notice of administrative hearing, rescheduling the hearing for November 14, having been informed the patrol officer would be out of the state for training on November 13 and unavailable to appear in person at the hearing. The hearing officer rescheduled the hearing for November 14, when both Schlittenhart and the patrol officer could be present in person. Because Schlittenhart's attorney said he would be out of town for a medical procedure on November 14, the hearing officer allowed Schlittenhart's attorney to either appear telephonically or associate with another attorney to appear at the hearing.

[¶ 4] On November 14, 2013, the hearing officer held the hearing on the proposed suspension of Schlittenhart's driving privileges for the alcohol-related traffic offense. Schlittenhart and the patrol officer appeared in person, and Schlittenhart's attorney initially appeared by telephone. The patrol officer testified at the hearing. Approximately forty-six minutes into the hearing, however, Schlittenhart's attorney disconnected from the call during his cross-examination of the patrol officer. The hearing officer called the attorney, unsuccessfully attempting to reestablish contact, and left a voice message for him. After receiving no response, the hearing officer proceeded with the hearing with Schlittenhart present, but without her attorney, leaving the record open until 5 p.m. that day. The hearing officer issued findings of fact, conclusions of law, and a decision suspending Schlittenhart's driving privileges for a period of 91 days.

[¶ 5] In November 2013, Schlittenhart appealed the Department's decision to the district court, arguing "irregularities and deficiencies" in the notice and conduct of the telephonic hearing denied her procedural and substantive due process. On June 18, 2014, the court reversed the Department's decision and remanded for a new hearing. The court held that while the hearing officer had properly rescheduled the hearing to a time when both Schlittenhart and the patrol officer could be personally present, the hearing officer denied Schlittenhart due process by continuing to conduct the hearing after Schlittenhart's attorney had disconnected.

[¶ 6] On July 21, 2014, Schlittenhart appealed from the district court's June 2014 order. On September 3, 2014, the court entered judgment consistent with the court's earlier June 2014 order, reversing the hearing officer's November 2013 decision and remanding to the Department. On September 9, 2014, the Department cross-appealed from the court's September 2014 judgment. On September 12, 2014, Schlittenhart also filed an amended

notice of appeal from the September 2014 judgment.

## II

[¶ 7] We initially address whether Schlittenhart's appeal and the Department's cross-appeal are properly before us.

[¶ 8] The right to appeal is statutory and is a jurisdictional matter we may consider on our own motion. *See Siewert v. N.D. Workers Comp. Bur.*, 554 N.W.2d 465, 466 n. 1 (N.D.1996). Section 28–32–49, N.D.C.C., governs administrative agency appeals to this Court and authorizes appeals only from judgments. *See Rist v. N.D. Dep't of Transp.*, 2003 ND 113, ¶ 1 n. 1, 665 N.W.2d 45; *Sowatzki v. N.D. Workers Comp. Bur.*, 1997 ND 137, ¶¶ 10–11, 567 N.W.2d 189. "[A]n administrative agency appeal from an order is properly before this Court if the record contains a judgment consistent with the order." *Rist*, at ¶ 1 n. 1 (citing *Olson v. Job Serv. North Dakota*, 379 N.W.2d 285, 287 (N.D. 1985)).

[¶ 9] Here Schlittenhart filed her initial notice of appeal from the district court's June 2014 order on July 21, 2014. On September 3, 2014, the district court entered a judgment consistent with its earlier order, and a notice of entry of judgment was served and filed on September 11, 2014. We therefore treat Schlittenhart's July 2014 appeal as being from the subsequent, consistent judgment and conclude her appeal is properly before us. Similarly, we conclude the Department's cross-appeal, filed on September 9, 2014, was also timely because it was filed within 14 days from Schlittenhart's perfected appeal from the September 3, 2014, judgment and even before entry of the notice of entry of judgment. *See* N.D.R.Civ.P. 4(a)(1) and (2). On the basis of this conclusion, we need not address whether the Department's appeal was actually the first

appeal, with Schlittenhart's amended notice of appeal designated as a cross-appeal.

[¶ 10] We next address whether the district court's September 2014 judgment remanding the case to the Department for a new hearing is a final, appealable judgment. In *Siewert*, 554 N.W.2d at 466 n. 1, this Court held the district court's judgment remanding a case back to the administrative agency was appealable. We explained "the court did not expressly retain jurisdiction for the Bureau to receive and consider additional evidence under NDCC 28–32–18 [presently at N.D.C.C. § 28–32–45]." *Siewert*, at 466 n. 1. We therefore concluded the district court had nothing more to do in the case and its judgment was both final and appealable. *Id.*

[¶ 11] Likewise, in *Municipal Servs. Corp. v. State*, 483 N.W.2d 560, 561 (N.D. 1992), this Court concluded a district court judgment vacating an agency decision and remanding to the agency for further proceedings was appealable. As this Court stated, "[T]he district court decided the appeal, vacated the Department's decision, and remanded the matter to the Department to affirm, reverse, amend or modify its decision." *Id.* "The district court had nothing more to do in the case.... To adopt MSC's argument [that the order was not appealable] would render many district court decisions on legal questions 'effectively unreviewable.'" *Id.*

[¶ 12] Here the district court's September 2014 judgment reversed the hearing officer's November 2013 decision and remanded to the Department for a new hearing. In its judgment, the district court did not specifically retain jurisdiction for further proceedings or remand the matter to the Department for receiving and considering additional evidence under N.D.C.C. § 28–32–45. *See also* N.D.C.C. § 39–20–06 ("The court may direct that

the matter be returned to the director or hearing officer for rehearing and the presentation of additional evidence.") Rather, the court remanded to the Department for a completely new hearing. As in *Siewert* and *Municipal Servs. Corp.*, the district court's judgment here left nothing more for the court to do. To hold that the judgment remanding the case for a completely new hearing was not final would, as a practical matter, foreclose our review of Schlittenhart's due process claims from the first hearing. We therefore conclude the district court's September 2014 judgment was a final, appealable judgment and is properly before us for review.

[¶ 13] The appeal from the administrative agency decision to the district court was timely under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 28–32–46. The appeal and cross-appeal from the district court were timely under N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–32–49.

### III

[¶ 14] We review the administrative revocation of a driver's license under N.D.C.C. § 28–32–46. This Court must affirm an agency's order unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*Id.; see also* N.D.C.C. § 28–32–49. "[W]e do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). "An agency's conclusions on questions of law are subject to full review." *Vanlishout v. N.D. Dep't of Transp.*, 2011 ND 138, ¶ 12, 799 N.W.2d 397.

### IV

[¶ 15] Schlittenhart argues her hearing was not held in accordance with the law and her rights and interests were prejudiced and infringed when the Department unilaterally decided the hearing would be held telephonically and she did not have a meaningful opportunity to participate in the hearing and adequately challenge the evidence against her. She also contends she was not afforded a fair hearing when the hearing officer continued with the hearing after her attorney was disconnected and the district court's remedy of providing a rehearing was inadequate.

[¶ 16] A driver's license may not be suspended or revoked without due process. *See Wolfer v. N.D. Dep't of Transp.*, 2010 ND 59, ¶ 11, 780 N.W.2d

645; *Morrell v. N.D. Dep't of Transp.*, 1999 ND 140, ¶ 8, 598 N.W.2d 111. Due process requires notice and a meaningful opportunity to be heard appropriate to the nature of the case. *See Wolfer*, at ¶ 11; *Powell v. Hjelle*, 408 N.W.2d 737, 738 (N.D.1987). "Notice is sufficient if it informs the party of the nature of the proceedings so there is no unfair surprise." *Wolfer*, at ¶ 11 (quotation marks omitted).

A

[¶ 17] Schlittenhart argues the hearing officer in this case "manipulated" the scheduling of the case to a time when she knew Schlittenhart's attorney would be having surgery and, as a result, Schlittenhart did not have a meaningful opportunity to participate in the hearing and adequately challenge the evidence against her.

[¶ 18] "Generally, the hearing must be before a hearing officer assigned by the director and at a time and place designated by the director." N.D.C.C. § 39–20–05(2). An administrative hearing officer has "broad discretion" to set a hearing:

[T]he hearing officer ·has broad discretion to regulate the course of the administrative proceeding. A hearing officer in an adjudicative administrative proceeding functions in a quasi-judicial capacity, and shares the broad discretion accorded to judicial officers. Thus, it has been recognized that hearing officers have discretion to control procedural matters such as discovery and admission of evidence. Trial courts have broad discretion over the progress and conduct of a trial or hearing, including scheduling and the determination whether to continue a trial or hearing. A hearing officer conducting an adjudicative administrative proceeding has the same scope of discretion in conducting the hearing, including scheduling and continuances. ·

*Baesler v. N.D. Dep't of Transp.*, 2012 ND 39, ¶ 6, 812 N.W.2d 434 (quoting *Berger v. N.D. Dep't of Transp.*, 2011 ND 55, ¶ 7, 795 N.W.2d 707) (citations and quotation marks omitted). Under N.D.C.C. § 39–20–05(1), "[t]he hearing must be held within thirty days after the date of issuance of the temporary operator's permit." The Department has also promulgated N.D. Admin. Code § 37–03–03–09, which states:

Hearings authorized under [N.D.C.C. § ] 39–20–05 shall be scheduled by the hearing officer assigned to the particular case, by sending notice to the licensee, or the licensee's counsel, if any. The date, time, and place of the hearing shall be established by the hearing officer as workload permits. The scheduled date, time, and place for hearing may be changed only with the permission of the hearing officer, bearing in mind the time constraints provided by [N.D.C.C. § ] 39–20–05 for holding the hearing. Rescheduling will be allowed only for the most compelling reasons and scheduling conflicts of the licensee or counsel will not be sufficient cause to reschedule a hearing at a time beyond that provided by law.

[¶ 19] Here Schlittenhart contends the hearing officer, in exercising broad discretion to schedule a hearing, essentially took advantage of Schlittenhart's attorney's unavailability to appear in person at the hearing on November 14. The record reflects, however, that the amended notice scheduling the hearing on November 14 was sent on November 6 and that Schlittenhart's attorney corresponded by email on November 8, seeking another date. Under N.D.C.C. § 39–20–05(1), the hearing must be held within 30 days "after the date of issuance of the temporary operator's permit." Because the temporary permit was issued on October 15, the last day for the hearing was November 14.

The hearing officer selected this date in part because both the patrol officer and Schlittenhart were available to personally appear at the hearing.

[¶ 20] The record reflects the hearing officer attempted to accommodate Schlittenhart's attorney and provided the option for the attorney to either appear telephonically to represent his client or associate with another attorney for purposes of the hearing. Schlittenhart's attorney could have refused to appear by telephone and arranged for another attorney to represent his client at the hearing. Once the hearing began, however, Schlittenhart's attorney appeared over his own objection before the hearing officer and initially participated in the hearing before disconnection. The record in this matter suggests that Schlittenhart had sufficient time to associate with another attorney, *see Baesler*, 2012 ND 39, ¶ 7, 812 N.W.2d 434, and there is no evidence suggesting a level of complexity to the hearing preventing such an association. On the basis of our review of the record, we conclude the hearing officer did not abuse its discretion in setting the date for the hearing.

B

[¶ 21] Schlittenhart argues the hearing officer unilaterally decided the hearing would be conducted telephonically and conducted it telephonically over her objection.

[¶ 22] In *Landsiedel v. Dir., N.D. Dep't of Transp.*, 2009 ND 196, ¶ 12, 774 N.W.2d 645 (emphasis added), this Court held that under N.D.C.C. § 39–20–05 the Department must conduct in-person hearings and cannot unilaterally decide hearings will be conducted telephonically. "Only where the *hearing officer and driver* are both physically present may the Department give effect to [N.D.C.C. § 39–20–05].... [A]n ordinary reading of N.D.C.C. § 39–20–05 demonstrates the Legislature intended for the Department to conduct in-person hearings, and the Department cannot unilaterally determine hearings will be conducted telephonically." *Landsiedel*, at ¶ 12; *see also Wolfer*, 2010 ND 59, ¶¶ 12–14, 780 N.W.2d 645.

[¶ 23] In *Wolfer*, 2010 ND 59, ¶¶ 14–15, 780 N.W.2d 645, we held the Department erred in unilaterally deciding to take the police officer's testimony telephonically and further discussed the dangers and potential problems associated with telephonic testimony:

> In testimony by telephone the image of the witness cannot be seen nor does it disclose if the witness is using or relying upon any notes or documents and, as a result, meaningful communication is effectively curtailed or prevented.... Above all, in testimony by telephone the trier of facts is put in a difficult, if not impossible, position to take into account the demeanor of the witness in determining the witness' credibility.

(Citation omitted.) These concerns regarding the dangers of telephonic testimony, however, do not apply when it is the attorney representing the driver appearing at the hearing, rather than a witness testifying. We conclude N.D.C.C. § 39–20–05 does not require in-person representation by the driver's attorney at the hearing. We therefore decline to extend our holdings in *Landsiedel* and *Wolfer* to require the physical presence of a driver's attorney at a suspension hearing.

C

[¶ 24]. Schlittenhart argues the administrative hearing was not conducted in a fair and impartial manner. She contends that by continuing to conduct the hearing after her attorney disconnected from the telephone call, the proceedings were unfair and compromised her ability to have legal representation at the hearing. She also

argues the hearing officer did not provide her counsel a meaningful opportunity to attend and participate in the hearing and to adequately challenge the evidence against her. She asserts that her rights and interests were substantially prejudiced and infringed.

[¶ 25] "Unlike some other legal rules, due process, 'is not a technical conception with a fixed content unrelated to time, place and circumstances.'" *Whitecalfe v. N.D. Dep't of Transp.*, 2007 ND 32, ¶ 20, 727 N.W.2d 779 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). "Due process is flexible and must be considered on a case-by-case basis." *Whitecalfe*, at ¶ 20. "When deciding a due process claim, we consider whether a constitutionally protected property or liberty interest is at stake and, if so, whether minimum procedural due process requirements were met." *Id.*

[¶ 26] This Court has explained, however, that "[t]he minimal due process before an administrative board is not synonymous with the minimal requirements of due process in a court of law." *Kobilansky v. Liffrig*, 358 N.W.2d 781, 786 (N.D. 1984). In the context of administrative proceedings, to decide what process is due, this Court considers "a number of factors, including the private interest that will be affected by the official action, the potential for governmental error, and the magnitude of the state's interest." *Powell*, 408 N.W.2d at 738; *see also Whitecalfe*, 2007 ND 32, ¶ 20, 727 N.W.2d 779; *Kobilansky*, 358 N.W.2d at 787.

[¶ 27] For example, earlier decisions of this Court have said proceedings under our implied consent laws are civil in nature and there is no right to counsel in a civil proceeding. *See, e.g., Lund v. Hjelle*, 224 N.W.2d 552, 556 (N.D.1974); *Agnew v.*

*Hjelle*, 216 N.W.2d 291, 298 (N.D.1974); *but see Kuntz v. State Hwy. Comm'r*, 405 N.W.2d 285, 290 (N.D.1987) (a person arrested for driving under the influence has a "qualified" statutory right to consult with an attorney before deciding whether to submit to a chemical test). We review the administrative proceedings to ensure procedural fairness at the administrative hearing. *See Vogel v. Dir., N.D. Dep't of Transp.*, 462 N.W.2d 129, 131 (N.D.1990). Nonetheless, "[p]rocedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *In re G.R.H.*, 2006 ND 56, ¶ 24, 711 N.W.2d 587.

28] Here the hearing transcript shows the following exchange occurred between the hearing officer and Schlittenhart after her attorney disconnected from the call:

PHONE CALL WAS DISCONNECTED.

MS. HUBER: Mr. Herbel? Mr. Herbel? All right. I think he tried to call me at exactly the same time that I called him.

ATTEMPTS CALL SEVERAL TIMES

. . . .

MR. HERBEL [Schlittenhart's attorney]: (voicemail message) You have reached the Herbel Law Firm. We are not available to take your call at this moment. Please leave your name, number, and a brief message and an attorney will contact you as soon as possible. Thank you.

MS. HUBER [Hearing Officer] (voicemail): Mr. Herbel, this is Sarah Huber with the North Dakota Department of Transportation, legal division. We were in the process of having an administrative hearing and you have been disconnected and it appears that we are not

going to reconnect with you. At the time of this message it is . . . what time is it here?

MS. SCHLITTENHART: I got it. 8:56.

MS. HUBER: Approximately 8:56. I will give you until 9:00 a.m. to call back at which point I will continue the hearing with Ms. Schlittenhart. If you are unable to contact me, today is the last date for the hearing, but I will be open to you submitting an argument for a closing argument in brief form by the end of business today. Please contact me if you get this message. Thank you.

. . . .

MS. HUBER: Well, I can explain that to you right now. So the way that it works is when we're done with the hearing, you are entitled to an immediate decision, which I can write an[d] issue to you immediately.

MS. SCHLITTENHART: Yeah.

MS. HUBER: If my decision is to suspend, and you ask for an immediate decision, that goes into effect in three hours. If my decision is not to suspend, you'll receive another piece of paper with a new permit on it that you need to keep with . . . However, you can request a written hearing.

MS. SCHLITTENHART: Yeah, that's what . . .

MS. HUBER: And if you request a written hearing, the decision does not going [sic] into effect for three days, so it wouldn't go into effect until Sunday at midnight. Okay? So keep that in the back of your mind while we wait.

. . . .

MS. HUBER: It's 9:00 so I'm going to attempt to contact him one last time.

(Voicemail begins again)

MS. HUBER: All right. At this time I'm going to continue the hearing. Ms. Schlittenhart, I'm wondering if you have any further questions for the Trooper?

MS. SCHLITTENHART: *No.*

MS. HUBER: I will give you a copy of the report. I'll also make sure Mr. Herbel gets a copy of it. All right? You don't have any further questions? Okay. Did you have any thing you wanted to tell me? Do you want to testify at all? I can swear you in and let you testify if you want to.

MS. SCHLITTENHART: Hesaid [sic] not to talk. So I don't really know if he was here to ask him. Because, yeah, I would like to say stuff, but.

MS. HUBER: It's up to you.

MS. SCHLITTENHART: *Probably best not to.*

MS. HUBER: Okay. At this time I am going to offer Exhibit 1. *I'm preserve [sic] objections for . . . from him for due process arguments that he's already had on Exhibit 1. I will preserve those objections even though he's not here to make them.* I am going to overrule the due process arguments and I am going to admit Exhibit 1 at this time. Okay? Did you have any further arguments against the admittance of the Exhibit 1 besides due process? Okay. I will leave it open. I'll contact him through email again. I'll also leave a message. I will leave off on the closing argument if he wishes to make one at this point. I'll also leave the option open for a . . . he can put in a motion for reconsideration if it becomes apparent that he did want you to testify. So I will leave that option open for both you and him. Okay.

MS. SCHLITTENHART: Thank you.

MS. HUBER: All right. So that said, I'm going to conclude the hearing at this time. And I'll make a copy of the Trooper's report, which you can then forward to him and then I will send him an email detailing what I did today.

And the options that are available including the reconsideration if he wishes to ... if my decision is to suspend based on the record as it is right now.

Do you want an immediate decision or a written decision? Would you like me to write the decision right now or would you like me to write and mail it to you?

MS. SCHLITTENHART: I thought you had to hear his closing.

MS. HUBER: The what ... the hearing is closed now. But your right under law [is] to have an immediate decision or you can request a written decision so that Mr. Herbel and I have an opportunity to correspond.

MS. SCHLITTENHART: Oh, yeah. I want you to be able to correspond with him.

MS. HUBER: So you'd like the written?

MS. SCHLITTENHART: Yes.

MS. HUBER: I will hold the decision open until 5:00 p.m. tonight. So you're [sic] decision will not actually be written and mailed until tomorrow.

MS. SCHLITTENHART: Okay.

MS. HUBER: Three days from tomorrow is Monday at midnight. All right?

MS. SCHLITTENHART: All right.

MS. HUBER: Thank you.

MS. SCHLITTENHART: Thank you.

MS. HUBER: Have a good day.

(Emphasis added.)

[¶ 29] The hearing officer attempted to accommodate Schlittenhart after her attorney disconnected from the hearing during his cross-examination of the officer. The hearing officer attempted to re-establish a telephone connection with Schlittenhart's attorney to no avail. The hearing officer offered Schlittenhart the opportunity to continue the cross-examination of the officer and to testify herself, but Schlittenhart declined. The hearing officer admitted exhibit 1, which also contained the report and notice form, but preserved Schlittenhart's objections. Although November 14 was the last day for the hearing, the hearing officer allowed the record to remain open until 5 p.m. that day for further submissions.

[¶ 30] Schlittenhart argues she was denied due process and substantially prejudiced, but she has submitted no evidence as to what her testimony would have been or what further cross-examination of the patrol officer would have established. Further, even though she argues that the hearing officer's admission of exhibit 1 was improper, she provides no argument that there was inadequate foundation for the exhibit, nor does she contend the evidence was inadmissible. The Department's report and notice form is admissible as prima facie evidence of its contents without further foundation once it is forwarded to the director of the Department. *Dawson v. N.D. Dep't of Transp.*, 2013 ND 62, ¶ 23, 830 N.W.2d 221; *Maher v. N.D. Dep't of Transp.*, 539 N.W.2d 300, 303 (N.D.1995); *see also* N.D.C.C. §§ 39–20–03.1(4) and 39–20–05(4).

[¶ 31] Schlittenhart was represented by an attorney telephonically, did not choose to associate with an attorney who could appear in person at the hearing, and has failed to establish how she was prejudiced by the hearing officer's conduct in completing the hearing. The hearing officer did not deny Schlittenhart due process by continuing to conduct the hearing after her attorney disconnected and did not re-establish his telephonic appearance at the hearing.

D

[¶ 32] Because we are reversing the district court's judgment and reinstating the hearing officer's decision suspending Schlittenhart's driving privileges, we do

not address the parties' arguments regarding whether the district court erred in remanding the matter to the Department for a new hearing.

## V

[¶ 33] The parties' remaining issues and arguments are either without merit or unnecessary to our decision. We reverse the district court judgment and reinstate the order suspending Schlittenhart's driving privileges for a period of 91 days.

[¶ 34] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.